UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

THERABODY, INC.

    Plaintiff,

vs.

DAVID C. WALTON,

    Defendant.

Case No. 3:23-cv-545-RCY

### DEFENDANT DAVID C. WALTON'S MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant David C. Walton ("Walton" or "Defendant"), by counsel, pursuant to Fed. R. Civ. P. 12(b)(6), respectfully moves to dismiss the Complaint filed by Plaintiff Therabody, Inc. ("Plaintiff") in its entirety due to Plaintiff's failure to state a claim for which relief can be granted.

### BACKGROUND

This frivolous litigation first began on March 20, 2023, when Plaintiff filed an action in the United States District Court for the Central District of California against David Walton and Dominion Sourcing, LLC ("Dominion"). The lawsuit involved a two-count Complaint (the "California Lawsuit"): count one for breach of contract against Dominion; and count two for fraud against Walton. *See* Exhibit A.

In the California Lawsuit, Plaintiff improperly sued Walton and Dominion in direct contravention of the contract's arbitration clause and in total disregard to the Central District of California's lack of personal jurisdiction. Walton and Dominion were forced at substantial expense to hire counsel in California in order to file a Motion to Dismiss, which was filed on June 23, 2023. *See* Exhibit B. Facing potential sanctions, only after the Central District of California escalated the decision deadline to address the valid Motion to Dismiss, Plaintiff finally voluntarily

dismissed the California Lawsuit. *See* Exhibits C, D.

Thereafter, Plaintiff demanded that Walton consent to being sued *personally* in an arbitration proceeding in California. After Walton rejected this request, as he was never a party to a contract with Plaintiff and has no contacts in California, Plaintiff's strategy became one to leverage Walton by filing two separate, contemporaneous actions—an arbitration against Dominion in California, and this lawsuit against Walton personally in Virginia. Both cases have the same facts, the same underlying transactions, and seek the exact measure of damages based on the liquidated damages clause in the contract. *See* Exhibit E. Allowing both cases to continue simultaneously is unnecessarily duplicative and could lead to inconsistent verdicts and, critically, the Complaint in this matter fails to state a claim upon which relief can be granted. Therefore, this Complaint should be dismissed.

## **LEGAL STANDARD**

A motion under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Nanendla v. WakeMed*, 24 F. 4th 299, 304 (4th Cir. 2022). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law to state a claim which would "entitle him to relief." *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005).

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to provide defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 55–56, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citation omitted). Mere "'naked assertions' of wrongdoing" are generally insufficient to state a claim for relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citation omitted). In other words, the rule demands more than bald accusations or mere speculation. *Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). "[A]n unadorned, the-defendant-unlawfully-harmed-me accusation" does not state a plausible claim of relief. *Iqbal*, 556 U.S. at 678. The sufficiency of the factual allegations aside, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Sons of Confederate Veterans v. City of Lexington*, 722 F.3d 224, 228 (4th Cir. 2013).

Further, in resolving a Rule 12(b)(6) motion to dismiss, a court evaluates the complaint "in its entirety," including exhibits attached to the complaint. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448–49 (4th Cir. 2011) (citations omitted). "[W]here a conflict exists between 'the bare allegations of the complaint and any attached exhibit, the exhibit prevails.'" *Lexington Fire Dep't v. City of Lexington, Va.*, 2009 WL 113152, at *2 (W.D. Va. Jan. 15, 2009) (quoting *United States ex rel. Constructors, Inc. v. Gulf Ins. Co.*, 313 F. Supp. 2d 593, 596 (E.D. Va. 2004)).

## **ARGUMENT AND AUTHORITIES**

### I. **Plaintiff's Complaint Against Walton Fails, As Walton Is Not A Party To The Contract.**

Plaintiff cannot proceed on its claim against Walton for a fundamental reason—Walton is not a party to the contract at issue. Exhibit 1 to Plaintiff's Complaint demonstrates that the only parties to the contract were Plaintiff and Dominion (the "Contract"). *See* Complaint ¶ 1;

Complaint, Ex. 1. Although styled as a fraud claim, as discussed below, Plaintiff's dispute is based exclusively on an alleged breach of the Contract between Plaintiff and Dominion, not Walton. Indeed, courts in Virginia regularly note that "a party cannot breach a contract to which he/she/it is not a party." *See, e.g.*, *Will & Cosby & Assocs., Inc. v. Salomonsky*, 48 Va. Cir. 500, 1999 WL 33732633, at *3 (Richmond Cir. Ct. Apr. 22, 1999); *Cottrell v. Gen. Sys. Software Corp.*, 248 Va. 401, 403, 448 S.E.2d 421, 422 (1994) (holding contractual rights are vested in the parties to the contract); *Church Hill Place Invs., LLC v. MDA Lending Sols., Inc.*, No. 3:10CV288, 2011 WL 976458, at *7 (E.D. Va. Feb. 25, 2011), *report and recommendation adopted sub nom. Church Hill Invs., LLC v. MDA Lending Sols., Inc.*, No. 3:10CV288, 2011 WL 938350 (E.D. Va. Mar. 15, 2011) (reiterating "the general principle that a non-signing party cannot be bound to a contract."). Plaintiff has not alleged, nor can it, that Walton is a party to the Contract and, therefore, Plaintiff's claim for damages under the terms of the Contract can only proceed against Dominion.[1]

Similarly, any species of fraud in the inducement alleged in the Complaint, which necessarily must relate to representations leading to the execution of the Contract, cannot lie against Walton, as he is not a party to the Contract. A theory of fraud in the inducement under Virginia law must be based on the misrepresentation of present pre-existing facts and cannot ordinarily be predicated on unfulfilled promises or statements as to future events. *Abi-Najm v. Concord Condo., LLC*, 280 Va. 350, 363, 699 S.E.2d 483, 490 (2010). "Under Virginia law, a promise to perform in the future cannot constitute actual fraud or fraud in the inducement." *Albanese v. WCI Communities, Inc.*, 530 F. Supp. 2d 752, 770–71 (E.D. Va. 2007). "Mere allegations of 'fraud by hindsight' will not satisfy the requirements" to plead fraud with particularity. *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999).

---

[1] Pursuant to the terms of the Contract, such dispute is required to take place in an arbitration proceeding in Los Angeles, California. *See* Complaint, Ex. 1.

As explained more fully below, the Complaint and its exhibits are devoid of factual allegations supporting a claim for actual fraud or fraud in the inducement. As pled, Plaintiff's "fraud" count is nothing more than a duplication of its contract claim subject to arbitration in California, seeking the same damages against a non-party to the Contract and, accordingly, the Complaint must be dismissed.

## II. The Economic Loss Rule Bars Plaintiff's Complaint.

The allegations in Plaintiff's Complaint wholly arise from the Contract and any cause of action is limited to the terms of such Contract. A "'tort action must be grounded on a violation of a duty imposed by operation of law,' not a violation of a duty arising purely from 'the contractual relationship of the parties.'" *Legacy Data Access, Inc. v. Cadrillion, LLC*, 889 F.3d 158, 164 (4th Cir. 2018) (quoting *Rountree v. Chowan Cty.*, 796 S.E.2d 827, 831 (N.C. Ct. App. 2017)). Accordingly, a "tort action does not lie against a party to a contract who simply fails to properly perform the terms of the contract." *Id.* "It is the law of contract,' not tort law, 'which defines the obligations and remedies of the parties in such a situation.'" *Id.*

The economic loss rule, alive and well in Virginia, highlights "the fundamental difference between tort and contract claims." *Id.* Contract law is designed to place an injured party in the position he would have occupied had the parties adhered to their contract. Tort law, by contrast, incorporates "principles of punishment" by allowing recovery of punitive damages. *Strum v. Exxon Co.*, 15 F.3d 327, 330 (4th Cir. 1994).

Here, there is no doubt that the Plaintiff's one-count Complaint alleging fraud is merely an attempt to manufacture a tort dispute out of what is, at bottom, a simple breach of contract claim. Plaintiff attaches the Contract to its Complaint, which is predominantly devoted to detailing the contractual obligations between Plaintiff and Dominion. *See* ECF No. 1-2. The damages sought

by Plaintiff against Walton are entirely reliant on the liquidated damages clause in the Contract, of which Walton was never a party.

Moreover, Plaintiff's recitation of the history of this dispute further demonstrates that this dispute is nothing more than a contract claim dressed up as fraud claim. In the Complaint, Plaintiff admits that it first filed this same action in the Central District of California. In the California Lawsuit, Plaintiff sued both Dominion and Walton, but was forced to dismiss those claims as Walton was not a party to the Contract. Plaintiff now seeks to impose upon this Court's judicial resources to adjudicate a claim that is subject to arbitration in California as dictated by the Contract. As the economic loss rule precludes Plaintiff from seeking damages on a tort claim fundamentally based in contract, the Complaint must be dismissed.

### III. The Complaint Must be Dismissed Because Plaintiff Fails to State a Claim for Fraud with Particularity.

Plaintiff fails to sufficiently plead fraud with the required particularity. Rule 9(b) of the Federal Rules of Civil Procedure provides that "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). "Under Virginia law, a claim for actual fraud must allege: '(1) a false misrepresentation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled.'" *Schmidt v. Wells Fargo Home Mortg.*, No. 3:11-CV-059, 2011 WL 1597658, at *4 (E.D. Va. Apr. 26, 2011), *aff'd*, 482 Fed. Appx. 868 (4th Cir. 2012) (quoting *Winn v. Aleda Constr. Co.*, 315 S.E.2d 193,195 (Va. 1984)); *see also Whalen v. Rutherford*, No. 3:12CV00032, 2013 WL 3174702, at *3 (W.D. Va. June 21, 2013) (describing identical factors for prevailing on a claim for fraudulent inducement). "A complaint which fails to specifically allege the time, place and nature of the fraud is subject to dismissal on a Rule 12(b)(6) motion." *Lasercomb America, Inc. v. Reynolds*, 911 F.2d 970, 980 (4th Cir. 1990).

Here, Plaintiff fails to allege with particularity any circumstances constituting fraud and thus fails to state a claim of fraud upon which relief can be granted. Plaintiff generally alleges Walton represented that Dominion intended to purchase Plaintiff's products as "corporate gifts," but fails to identify any actual misrepresentation made at a specific time and place by Walton or Dominion. *See* Complaint at ¶ 70. Plaintiff's Complaint includes as exhibits certain emails between Dominion and Plaintiff in an effort to allege such misrepresentation, but nowhere in any of the emails are "corporate gifts" even mentioned. *See* Complaint, Exs. 3, 4. "[W]here a conflict exists between 'the bare allegations of the complaint and any attached exhibit, the exhibit prevails.'" *Lexington Fire Dep't v. City of Lexington, Va.*, 2009 WL 113152, at *2 (W.D. Va. Jan. 15, 2009) (quoting *United States ex rel. Constructors, Inc. v. Gulf Ins. Co.*, 313 F. Supp. 2d 593, 596 (E.D. Va. 2004)). Here, Plaintiff's bare allegations of fraud are not supported by the exhibits attached to the Plaintiff's Complaint. Moreover, Plaintiff failed to identify the false representation, when it was made, who said it to whom, how it was said, or how the Plaintiff relied upon this statement to its detriment and the exhibits it relies upon belie the bare allegations of fraud. Under Fourth Circuit jurisprudence, these defects are fatal to the Complaint. *Lasercomb America, Inc.*, 911 F.2d 970 at 980.

Likewise, the Complaint fails to identify the key fact upon which Plaintiff relies for the allegation that Dominion sold items in violation of the contract. Mere "'naked assertions' of wrongdoing" are generally insufficient to state a claim for relief. *Francis*, 588 F.3d at 193 (citation omitted). In other words, the rule demands more than bald accusations or mere speculation. *Painter's Mill Grille, LLC*, 716 F.3d at 350. Here, paragraph 70 of the Complaint states "…in reality Mr. Walton and Dominion had no intention of gifting the Products and instead intended to resell the Products or transfer the Products to individuals reasonably known to Mr.

Walton and Dominion to then sell the Products on e-commerce marketplaces." Complaint at ¶ 70. Yet, Plaintiff provides no facts in support of its allegation. Specifically, Plaintiff fails to identify which products purchased by Dominion were re-sold, who Dominion sold the products to, when they were sold, or on which e-commerce marketplaces without authorization and by whom. Because Plaintiff's Complaint does nothing more than infer the possibility of purported misconduct, its allegations fail to plead fraud with the requisite particularity and must be dismissed.

Finally, even accepting Plaintiff's allegations as true (which they are not), Plaintiff fails to include allegations suggesting that Dominion's payment for goods caused "resulting damage" to the Plaintiff. Plaintiff has not alleged that it would have been able to sell the products elsewhere for a higher price. Rather, all that occurred was that Dominion paid a substantial sum to Plaintiff and Plaintiff profited handsomely from the transaction. Because no resulting harm exists and the Plaintiff has failed to plead fraud with particularity, Plaintiff's claim is deficient, and its Complaint must be dismissed.

### IV. The Complaint Must be Dismissed Because Plaintiff Concedes It Did Not Rely on Any Representation When Entering Into the Contract.

"Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Sons of Confederate Veterans*, 722 F.3d at 228. Indeed, where it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed. *Stratton v. Mecklenburg Cnty. Dept. of Soc. Servs.*, 521 Fed. Appx. 278, 293 (4th Cir. 2013).

Here, Plaintiff insists in its Complaint that Walton committed fraud because he allegedly made false representations to Plaintiff to induce Plaintiff to enter into the Contract. However, the plain language of the Contract indisputably undermines this position. *See* Complaint, Ex. 1. In

Section 8 of the Contract, which Plaintiff drafted, Plaintiff admitted that it did not enter into the Contract in reliance upon any representation other than as set forth in Section 8. Specifically, Section 8 states:

> 8. WARRANTIES; LIMITED WARRANTY; WARRANTY DISCLAIMER. Each party hereby represents and warrants: (i) it is duly organized, validly existing and in good standing as a corporation or other entity as represented herein under tire laws and regulations of its jurisdiction of incorporation, organization or chartering; and (ii) that this Agreement, when executed and delivered, will constitute a valid and binding obligation of such party and will be enforceable against such party in accordance with its terms. Buyer represents and covenants: (x) it shall not alter or modify in any manner whatsoever the Products sold or shipped to Buyer hereunder, except as permitted herein; and (y) Buyer shall not make any alterations to any of the packaging or labeling of the Products, or make any disease claims, health claims, or structure/function claims about the Products, that would violate or be prohibited by applicable law. Except as otherwise expressly provided in a separate, signed, written agreement between Buyer and Therabody, as expressly provided herein, Therabody warrants solely to the Buyer that the Products shall materially conform to Therabody's published specifications for such Products at the time of manufacture (tire "Limited Product Warranty"). The Limited Product Warranty provided herein is valid from the original date of purchase of such Products to Buyer for the periods specified for each Therabody Product on the Therabody website. The Limited Product Warranty is also valid only when the Products are used by properly trained individuals and not otherwise subject to abuse, misuse, neglect, negligence, improper testing, improper handling, improper operation, or use contrary to the instructions issued by Therabody with the Products. All technical advice, documentation and information provided by Therabody, whether by phone, e-mail, website or any other channel is provided "AS IS" and without any warranty' of any kind. It is Buyer's responsibility to determine if a Therabody Product is suitable for a specific purpose and to apply the necessary safety precautions. Buyer's exclusive remedies under this Limited Product Warranty are, at Therabody's option: (i) repair or replacement of the Product that failed to conform to the warranty above, or (ii) at Therabody's option, a credit for the amount paid to Therabody for any non-conforming Product. Buyer and customer, as applicable, will be responsible for return of the Products to Therabody for repair or replacement pursuant to a return merchandise authorization ("RMA") issued by Therabody and in accordance with Therabody's return procedures. The foregoing states Buyer's sole and exclusive remedy, and Therabody's entire liability, for breach of warranty of purchased Products under this Agreement. Except as set forth above in Section 8, the Products and any Therabody training information, educational information, marketing materials and/or digital assets (the "Therabody Materials") are provided "as is" without warranties of any kind. Without limiting the foregoing, Therabody disclaims all warranties and

> representations of any kind, whether express, implied, or statutory, including without limitation the implied warranties of merchantability, title, non-infringement, fitness for a particular purpose, quiet enjoyment, and accuracy. Therabody does not warrant that the operation of the Products will be uninterrupted or error-free. **Both parties acknowledge that they have not entered into this Agreement in reliance upon any warranty or representation other than those set forth above in this Section 8.**

*See* Complaint, Ex. 1 (emphasis added). As noted above, Section 8 contains warranties and representations that Plaintiff and Dominion exchanged with one other. Nowhere in Section 8 is there any warranty or representation by Dominion concerning the products being used as "corporate gifts." Rather, the Contract (as drafted by Plaintiff) expressly confirms that Plaintiff has not "entered into this Agreement in reliance upon any warranty or representation other than those set forth in Section 8." *Id.* Because the alleged representation that Dominion purchased the products only for "corporate gifts" is not part of Section 8, Plaintiff is precluded from asserting that it relied and was induced to enter into the Contract by upon that representation. Therefore, as no relief can be granted under any set of facts that could be proven consistent with the allegations, Plaintiff's claim must be dismissed. *See Stratton*, 521 Fed. Appx. at 293.

## CONCLUSION

For the reasons stated herein, Plaintiff's Complaint fails to state a claim upon which relief may be granted against David Walton. As such, this Court should dismiss the Complaint with prejudice, granting Walton any other relief it deems fit and just.

Dated: October 26, 2023.   Respectfully submitted,

DAVID C. WALTON

By Counsel:

/s/ *Belinda D. Jones*
Belinda D. Jones (VSB No. 72169)
Elizabeth S. Olcott (VSB No. 88008)
CHRISTIAN & BARTON, L.L.P.

901 East Cary Street, Suite 1800
Richmond, Virginia 23219
Tel.: (804) 697-4100
Fax: (804) 697-6159
bjones@cblaw.com
lolcott@cblaw.com

David Rubenstein (NJ 012912005)
*Admitted pro hac vice*
Rubenstein Business Law
100 Horizon Center Blvd.
Hamilton, New Jersey 08691
drubenstein@rubensteinbusinesslaw.com

## CERTIFICATE OF SERVICE

I certify that on October 26, 2023, I filed a copy of the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

/s/ Belinda D. Jones
Counsel

*Counsel for Defendant David Walton*