# EXHIBIT 1

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

|  |  |
|---|---|
| THERABODY, INC.<br><br>    Plaintiff,<br><br>vs.<br><br>DAVID C. WALTON,<br><br>    Defendant. | Case No. 3:23-cv-545-RCY |

## DECLARATION OF DAVID RUBENSTEIN IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

I, David Rubenstein, declare as follows:

1. I am over the age of 18, and have personal knowledge of all matters set forth herein. I am Counsel to David Walton.

2. This lawsuit first began on March 20, 2023, when Plaintiff filed an action in the United States District Court for the Central District of California against David Walton ("Walton") and Dominion Sourcing, LLC ("Dominion"). The lawsuit involved a two-count Complaint. Count One was for breach of contract against Dominion and Count Two was for fraud against Walton. *See* Exhibit A.

3. In the California Lawsuit, Plaintiff improperly sued Walton and Dominion in direct contravention of the contract's arbitration clause and in total disregard to the Central District of California's lack of personal jurisdiction. Walton and Dominion were forced at substantial expense to hire counsel in California in order to file a Motion to Dismiss, which was filed on June 23, 2023. *See* Exhibit B. Facing potential sanctions, only after the Central District of California escalated the decision deadline to address the valid Motion to Dismiss, Plaintiff finally voluntarily dismissed the California Lawsuit. *See* Exhibits C,

D.

4. Thereafter, Plaintiff demanded that Walton consent to being sued *personally* in an arbitration proceeding in California. After Walton rejected this request, as he was never a party to a contract with Plaintiff and has no contacts in California, Plaintiff's strategy became one to leverage Walton by filing two separate, contemporaneous actions—an Arbitration against Dominion in California, and this lawsuit against Walton personally in Virginia. Both cases have the same facts, the same underlying transactions, and seek the exact measure of damages based on the liquidated damages clause in the contract. *See* Exhibit E.

I declare under penalty of perjury that the foregoing is true and correct.

Executed October 25, 2023 in New Jersey


 _s/David Rubenstein_____