# EXHIBIT B

JESSE K. BOLLING (SBN 286267)
*Email: jbolling@epglawyers.com*
**ENENSTEIN PHAM & GLASS, LLP**
3200 Bristol Street, Suite 500
Costa Mesa, CA 92626
Phone:  (714) 292-0262
Fax:      (714) 464-4770

Attorneys for Defendants
Dominion Sourcing, LLC and David C. Walton

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERABODY, INC., a Delaware Corporation,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>DOMINION SOURCING, LLC, a Virginia Limited Liability Company, and DAVID C. WALTON, an Individual,<br><br>　　　　　　　Defendants. | Case No. 2:23-cv-02086-SB-AS<br><br>*Assigned to Hon. Stanley Blumenfeld*<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, LACK OF PERSONAL JURISDICTION AND FORUM NON CONVENIENS, AND FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[*Filed Concurrently with Declarations of David Walton and David Rubenstein, and [Proposed] Order*]<br><br>**Date:**　　July 28, 2023<br>**Time:**　　8:30 a.m.<br>**Courtroom:** C6<br><br>**Complaint Filed:** March 22, 2023 |

**TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on July 28, 2023, at 8:30 a.m. or as soon thereafter as counsel may be heard in Courtroom C6 of the above-entitled Court, located at 350 West 1st Street, Los Angeles, California 90012, Defendants David C. Walton and Dominion Sourcing, LLC will move this Court to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, 12(b)(2) for lack of personal jurisdiction and, or *forum non conveniens*, and 12(b)(6) for failure to state a claim.

The motion will be made on the grounds that this forum cannot exercise Subject matter jurisdiction over the Defendants because the contract at issue contains an Arbitration Clause. Further, this Court lacks personal jurisdiction over David Walton because he is a resident of Virginia and does not have the requisite minimum contacts with the State of California, that Virginia is an adequate alternate forum for litigation of this Matter since both Parties are incorporated in that demographic region, and that the Complaint fails to state a claim and/or plead fraud with particularity as required by FRCP 9.

This Motion to Dismiss is based upon this Notice, the attached Memorandum of Points and Authorities, the Complaint, the separately filed Declarations of David Walton and David Rubenstein, Proposed Order, and all records and pleadings as may be presented at or before the hearing on this motion.

DATED:  June 12, 2023                **ENENSTEIN PHAM & GLASS, LLP**

By: _____

Jesse K. Bolling
Attorney for Defendants Dominion
Sourcing, LLC and David C. Walton

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................3

TABLE OF AUTHORITIES .........................................................................5

MEMORANDUM OF POINTS AN AUTHORITIES .................................7

I.       SUMMARY OF RELEVANT FACTS .................................................7

II.      THE COURT LACKS SUBJECT MATTER JURISDICTION BECAUSE THE CONTRACT CONTAINS AN ARBITRATION CLAUSE ...........................8

III.     THE COURT CANNOT EXERCISE PERSONAL JURISDICTION OVER DAVID WALTON .................................................................................9

    A.   David Walton Does Not Have the Necessary "Continuous and Systematic Contacts" with California to Confer General Jurisdiction Over Him..............10

    B. Plaintiff Cannot Satisfy the Three Part Test for Limited Jurisdiction Over David Walton. ........................................................................................11

       1. David Walton Has Not Purposefully Availed Himself of the Privilege to Do Business in California or Purposefully Directed His Activities Towards California........................................................................................11

       2. Plaintiff's Claims Do Not Arise Out of, or Result from, Any Forum-Related Activities by David Walton........................................................12

       3. Exercising Jurisdiction Over David Walton Would Be Unreasonable.......12

IV.      PLAINTIFF'S COMPLAINT SHOULD ALSO BE DISMISSED BASED ON FORUM NON CONVENIENS. ........................................................14

    A. An Adequate Alternative Forum Exists. ........................................15

    B. Private and Public Interest Factors Favor Virginia. ....................16

       1. The Private Interest Factors Favor Virginia..........................16

    C. The Balance of Conveniences Outweighs Plaintiff's Choice of Forum .....17

V.      PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BASED ON

FAILURE TO STATE A CLAIM. ...........................................................................17

VI.     CONCLUSION .........................................................................................19

DEFENDANTS' MOTION TO DISMISS

# TABLE OF AUTHORITIES

**Cases**

*American Dredging Co. v. Miller,*
  510 U.S. 443 ...................................................................................16

*Asahi Metal Industry Co., Ltd. v. Superior Court,*
  480 U.S. 102 ........................................................................... 14, 15

*Bly-Magee v. California,*
  236 F.3d 1014 .................................................................................19

*Brennan v. Opus Bank,*
  796 F.3d 1125 .................................................................................10

*Burger King Corp. v. Rudzewicz,*
  471 U.S. 462 ...................................................................................12

*Ceramic Corp. of Amer. v. Inka Maritime Corp.,*
  1 F.3d 947 .......................................................................................16

*Chiron Corp. v. Ortho Diagnostic Sys.,*
  207 F.3d 1126 .................................................................................10

*Contact Lumber Co.v. P.T. Moges Shipping Co.,*
  918 F.2d 1446 ........................................................................... 17, 18

*Cooper v. Pickett,*
  137 F.3d 616 ...................................................................................19

*Core-Vent Corp. v. Nobel Industries AB,*
  11 F.3d 1482 ............................................................................. 14, 15

*Creative Technology, Ltd. v. Aztech Syst. PTE Ltd.,*
  61 F.3d 696 ............................................................................... 16, 17

*Doe v. American Nat'l Red Cross,*
  112 F.3d 1048 .................................................................................13

*Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.,*
  328 F.3d 1122 .................................................................................10

*Howsam v. Dean Witter Reynolds, Inc.,*
  537 U.S. 79 .....................................................................................10

*In re GlenFed, Inc. Sec. Litig.,*

   42 F.3d 1541 ...................................................................................19

*In re Stac Elecs. Sec. Litig.,*

   89 F.3d 1399 ...................................................................................19

*International Shoe Co. v. Washington,*

   326 U.S. 310 ...................................................................................11

*Lockman Foundation v. Evangelical Alliance Mission,*

   930 F.2d 764 ....................................................................... 16, 17, 18

*Piper Aircraft v. Reyno,*

   454 U.S. 235 ............................................................................ 16, 18

*Schwarzenegger v. Fred Martin Motor Co.,*

   374 F.3d 797 ...................................................................... 11, 12, 13

*Semegen v. Weidner,*

   780 F.2d 727 ...................................................................................19

*Terracom v. Valley Nat'l Bank,*

   49 F.3d 555 .....................................................................................14

*Tuazon v. R. J. Reynolds Tobacco Co.,*

   433 F.3d 1163 .................................................................................11

*Vess v. Ciba-Geigy Corp. USA,*

   317 F.3d 1097 ........................................................................... 18, 19

**Statutes**

Fed. R. Civ. P. 8(a)(2) .......................................................................18

Fed. R. Civ. P. 9(b) ...........................................................................18

**Other Authorities**

1 William W. Schwartz, A. Wallace Tashima & James W. Wagstaffe, *Federal Civil Procedure Before Trial*, Venue §§ 4:835-4:845 ..........................................16

DEFENDANTS' MOTION TO DISMISS

## MEMORANDUM OF POINTS AN AUTHORITIES

### I. SUMMARY OF RELEVANT FACTS

On September 12, 2022, Plaintiff Therabody, Inc. ("Plaintiff") entered into a contract (hereinafter "Contract") with Defendant Dominion Sourcing, LLC ("Dominion"). The Contract identified Plaintiff as a "Delaware Corporation." Plaintiff was aware that Dominion was a limited liability company residing in Virginia. Defendant David Walton ("Walton") signed the contract as the IT Director of Dominion Sourcing, LLC.

Notably however, Walton did not sign the contract in a personal capacity nor sign any other contract in a personal capacity with Plaintiff. Walton is a Virginia resident. He is not a resident of California, does not work there, does not own property there, and has no personal connection to the state whatsoever.

Pursuant to the Contract, Plaintiff agreed to sell electronics to Dominion and Dominion agreed to pay for receipt and delivery of the electronics. Dominion would submit a purchase order to Plaintiff who had the ability to accept/deny the purchase order. Once the Plaintiff accepted the purchase order, Plaintiff would deliver the electronics to Dominion. Notably, the Contract contained an Arbitration Clause. Specifically, Section 12 of the Contract states, "Should any conflict arise, the Parties hereby irrevocably submit themselves to arbitration in Los Angeles, California."

In late 2022 to early 2023, Dominion Sourcing, LLC purchased electronics from Plaintiff. Dominion purchased almost 25,000 products for over $3.8 Million. Dominion paid for these products in full.

In March 2023, Plaintiff has filed a two-count Complaint against Dominion as well as David Walton in his individual capacity despite the fact that Walton was not a party to the Contract. Plaintiff's Complaint seeks damages for Breach of Contract and Fraud based on a liquidated damages clause.

With regard to Breach of Contract against Dominion, Plaintiff is not permitted to proceed in Federal Court because the Contract Plaintiff drafted contained an Arbitration Clause compelling any dispute arising out of the Contract to be brought to Arbitration. Therefore, the Complaint should be dismissed for this reason alone.

With regard to David Walton, the record is clear that David Walton was not a party to the Contract. Therefore, he is not subject to the liquidated damages clause. Instead, the Plaintiff added Walton solely as a means to create leverage and to extort concessions from Walton. Indeed, this Court lacks personal jurisdiction over Walton because he has no personal connection to California. Likewise, the claim of Fraud against Walton fails because the Plaintiff failed to plead with particularity as required under FRDCP 9. Plaintiff failed to identify the false representation, when it was made, who said it to whom, how it was said, or how the Plaintiff relied upon this statement to its detriment. Indeed, even accepting Plaintiff's allegations as true (which they are not), Plaintiff fails to explain how Dominion's payment for goods caused harm to the Plaintiff.  Plaintiff has not alleged that it would have been able to sell the products elsewhere for a higher price.  Since no detriment exists and the Plaintiff has failed to plead with particularity, Plaintiff's claim is deficient and must be dismissed.

## II.    THE COURT LACKS SUBJECT MATTER JURISDICTION BECAUSE THE CONTRACT CONTAINS AN ARBITRATION CLAUSE

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1, *et seq*., provides the usual means of enforcing an arbitration agreement by compelling a party to arbitrate rather than litigate. Thus, the FAA enables an aggrieved party to seek "an order directing that such arbitration proceed in a manner provided for in such agreement." 9 U.S.C. § 4. The FAA states that any agreement within its scope "shall be valid, irrevocable, and enforceable," 9 U.S.C. § 2., and permits a party "aggrieved by the alleged . . . refusal of another to arbitrate" to petition for an order

compelling arbitration, 9 U.S.C. § 4. (*See Chiron Corp. v. Ortho Diagnostic Sys.*, 207 F.3d 1126, 1130 (9th Cir. 2000).) In deciding whether to compel arbitration, generally, a court must decide: "(1) whether there is an agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute." (*Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015) (citing *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84, 123 S. Ct. 588, 154 L. Ed. 2d 491 (2002).)

Here, the Plaintiff has filed its Complaint alleging that this Court is the proper forum for this dispute. Yet, Plaintiff intentionally conceals from the Court that an Arbitration Clause exists in the Contract between the Plaintiff and Dominion Sourcing, LLC. Specifically, Section 12 of the Contract states, "Should any conflict arise, the Parties hereby irrevocably submit themselves to arbitration in Los Angeles, California." Despite Plaintiff's knowledge of this Arbitration Clause in the contract that Plaintiff drafted, Plaintiff has wrongfully decided to file this lawsuit in Federal Court. Under the FAA, this Arbitration Clause is binding on all of Plaintiff's claims against Dominion Sourcing, LLC. Therefore, the Complaint must be dismissed for lack of subject matter jurisdiction.

## III.   THE COURT CANNOT EXERCISE PERSONAL JURISDICTION OVER DAVID WALTON

Plaintiff bears the burden of proving that minimum contacts exist between Plaintiff and Walton, on the one hand, and California, on the other hand, so as to justify an exercise of personal jurisdiction over these defendants. (*Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1128- 2129 (9th Cir. 2003).)

An inquiry into personal jurisdiction centers on a defendant's contacts with the forum state, and is dictated by due process concerns. As the United States Supreme Court has long held, the assertion of personal jurisdiction over a nonresident defendant will comport with constitutional due process only if the defendant has sufficient "minimum contacts" with the state such that the

maintenance of the suit does not offend "traditional notions of fair play and substantial justice." (*International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).)

>     **A.**     **David Walton Does Not Have the Necessary "Continuous and Systematic Contacts" with California to Confer General Jurisdiction Over Him.**

If a foreign defendant engages in "continuous and systematic general business contacts" that "approximate physical presence" in the forum state, general jurisdiction may be exercised. (*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004).) "This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." (*Id.*) (*See also Tuazon v. R. J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1169 (9th Cir. 2006)(noting that the standard for establishing general jurisdiction is high, and requires that the defendant's contacts with the forum state "approximate physical presence").)

As shown in the Summary of Relevant Facts and the accompanying declaration of David Walton, he is an individual residing in Virginia. He is not a resident of California, does not work there, does not own property there, and has no personal connection to the state whatsoever. While he owns a Virginia company that transacts business in California, Walton did not sign the contract in his personal capacity. Thus, the fact that his business may be subject to personal jurisdiction in California does not confer personal jurisdiction over him in his personal capacity. The Plaintiff's Complaint does not even come close to alleging that Walton engaged in the "continuous and systematic" activities necessary to confer general jurisdiction in California. Accordingly, California may not exercise general personal jurisdiction over David Walton.

DEFENDANTS' MOTION TO DISMISS

1               **B.**    **Plaintiff Cannot Satisfy the Three Part Test for Limited**

2                     **Jurisdiction Over David Walton.**

3       If, as is usually the case, a foreign defendant's activities within the state are

4 not so pervasive as to justify the exercise of general jurisdiction, the Court may

5 exercise "limited" or "specific" personal jurisdiction, but only if each part of the

6 following three prong test is satisfied:

7       (1) the non-resident defendant must purposefully direct his activities or

8 consummate some transaction with the forum or resident thereof; or perform some

9 in the forum, thereby invoking the benefits and protections of its laws;

10       (2) the claim must be one which arises out of or relates to the defendant's

11 forum-related activities; and

12       (3) the exercise of jurisdiction must comport with fair play and substantial

13 justice, i.e., it must be reasonable. (*Schwarzenegger*, 374 F.3d at 802.)

14       The plaintiff bears the burden of satisfying the first two prongs of the test.

15 (*Schwarzenegger*, 374 F.3d at 802.) If the plaintiff fails to satisfy either of these

16 prongs, personal jurisdiction is not established in the forum state. If the plaintiff

17 succeeds in satisfying both of the first two prongs, the burden then shifts to the

18 defendant to "present a compelling case" that the exercise of jurisdiction would not

19 be reasonable. (*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985).)

20       Here, none of the three prongs of the limited jurisdiction test is satisfied.

21              **1.**    **David Walton Has Not Purposefully Availed Himself of the**

22                  **Privilege to Do Business in California or Purposefully**

23                  **Directed His Activities Towards California.**

24       "Purposeful availment" and "purposeful direction" are two distinct concepts.

25 Purposeful availment is "most often used in suits sounding in contract" and

26 "typically consists of evidence of the defendant's actions in the forum, such as

27 executing or performing a contract there" by which a defendant "purposefully

28 avails itself of the privilege of conducting activities within the forum state, thus

DEFENDANTS' MOTION TO DISMISS

invoking the benefits and protections of its laws." (*Schwarzenegger*, 374 F.3d at 802 (citations omitted).) Plaintiff cannot satisfy this test. David Walton does not have any "benefit, privilege, or protection from California in connection with [the claims asserted in the lawsuit], and the traditional quid pro quo justification for finding purposeful availment thus does not apply." (*Id*. at 803.) Unquestionably, David Walton did not and could not have reasonably expected to be haled into court here. As David Walton could not have reasonably foreseen defending a lawsuit in California, he is not subject to personal jurisdiction in California.

### 2. Plaintiff's Claims Do Not Arise Out of, or Result from, Any Forum-Related Activities by David Walton.

Plaintiff also does not satisfy the second prong of the limited jurisdiction test, which requires it to show that, but for David Walton's California contacts, Plaintiff's claims would not have arisen. (*Doe v. American Nat'l Red Cross*, 112 F.3d 1048, 1051 (9th Cir. 1997).) As discussed above, the nature of Plaintiff's Complaint details a breach of contract action between Plaintiff and Dominion Sourcing, LLC. In an effort to create leverage and extort concessions from Defendants, Plaintiff also alleged that David Walton committed fraud but failed to identify any specific representation made by Walton in California without which Plaintiff's claims would not have arisen. Therefore, Plaintiff's claims are contractual in nature and do not arise out of Walton's actions in his personal capacity.

### 3. Exercising Jurisdiction Over David Walton Would Be Unreasonable.

Finally, plaintiff should not be permitted to hale defendants into court in California because it would be unreasonable for the Court to exercise jurisdiction under the circumstances presented. The unique burdens on defendants, which arise from having to defend themselves within the forum state, are entitled to "significant weight" in assessing reasonableness. (*Asahi Metal Industry Co., Ltd. v.*

DEFENDANTS' MOTION TO DISMISS

*Superior Court*, 480 U.S. 102, 114 (1987).) This requirement defeats jurisdiction even if Walton had participated in activities in California that gave rise to Plaintiff's claims, which they did not. (*Id.*)

The Court should consider the following seven factors in determining the reasonableness of exercising personal jurisdiction over Walton:

(i) the extent of the defendants' purposeful interjection into the forum state's affairs; (ii) the burden on the defendant of defending in the forum; (iii) the extent of conflict with the sovereignty of the defendant's state; (iv) the forum state's interest in adjudicating the dispute; (v) the most efficient judicial resolution of the controversy; (vi) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (vii) the existence of an alternative forum. (*Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482, 1487-88 (9th Cir. 1993).) None of these factors is dispositive in itself; the Court must balance all seven. (*Id.* at 1488.)

An analysis of each of these factors demonstrates the unreasonableness of haling Walton into this forum:

(i) <u>Purposeful Interjection</u>. "[T]he smaller the element of purposeful interjection, the less is jurisdiction to be anticipated and the less reasonable is its exercise." (*Core-Vent*, 11 F.3d at 1488 (citation omitted).) As set forth above, Walton has not purposefully engaged in any activities in California and has not established any presence or contacts in the forum. Accordingly, this factor favors a finding that the exercise of jurisdiction would be unreasonable.

(ii) <u>Burden On Defendant</u>. "The law of personal jurisdiction is asymmetrical and is primarily concerned with the defendant's burden." (*Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 561 (9th Cir. 1995).) In cases with out of state defendants, "[t]he unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." (*Asahi*, 480 U.S. at

DEFENDANTS' MOTION TO DISMISS

114.) Here, the burden on Walton is considerable, given that he has no offices, personnel or other ties to this forum. (*See* Summary of Relevant Facts, *supra*.)

(iii) <u>Conflict With Sovereignty</u>. N/A

(iv) <u>Forum State's Interest</u>. In contrast, California has no interest in adjudicating this dispute. While Plaintiff has its principal place of business in California, Plaintiff is incorporated in Delaware – right next to Virginia where Walton lives.  Therefore, as to Walton, California does not have even a colorable interest in adjudicating the dispute.

(v) <u>Efficient Resolution of the Controversy</u>. To evaluate this factor, the Court should primarily consider where witnesses and the evidence are likely to be located. (*Core-Vent*, 11 F.3d at 1489.) As noted above, Walton has insufficient ties to this forum. Walton lives and works in Virginia.  To force him to travel and litigate across the country would create an unfair burden and be highly inefficient.

(vi) <u>Plaintiff's Interest in Effective Relief</u>. Plaintiff cannot demonstrate that it would be unable to seek effective relief in another forum. Even if, however, litigating in a different forum might present some difficulties for plaintiff, those burdens weigh at least as heavily on Walton, who maintain no books, records, offices or employees in California.

(vii) <u>Existence of an Alternative Forum</u>. Plaintiff bears the burden of proving that an alternative forum is unavailable. (*Core-Vent*, 11 F.3d at 1490.) It is not sufficient that plaintiff would prefer not to sue Walton in another forum. (*Id*.) As set forth above, plaintiff cannot demonstrate that it would be precluded from pursuing its remedies elsewhere – especially since the contract had an arbitration clause precluding the Plaintiff from bringing its lawsuit in this court.

Thus, each of the seven factors discussed above compels the conclusion that exercising jurisdiction over Walton in this forum would be unreasonable.

## IV.   PLAINTIFF'S COMPLAINT SHOULD ALSO BE DISMISSED BASED ON FORUM NON CONVENIENS

DEFENDANTS' MOTION TO DISMISS

For many of the same reasons articulated in above, in the event this Court finds personal jurisdiction over Walton, it should still dismiss this action against him based on the common law doctrine of *forum non conveniens*. Under this doctrine, courts have broad discretion to decline jurisdiction in favor of a more convenient forum outside the United States. (*See generally*, 1 William W. Schwartz, A. Wallace Tashima & James W. Wagstaffe, *Federal Civil Procedure Before Trial*, Venue §§ 4:835-4:845; *American Dredging Co. v. Miller*, 510 U.S. 443, 448 (1994).)

A party moving to dismiss on grounds of forum non conveniens must show: (1) the existence of an adequate alternative forum; and (2) that the balance of private and public interest factors weighs in favor of dismissal. (*Piper Aircraft v. Reyno*, 454 U.S. 235, 238 (1981); *Creative Technology, Ltd. v. Aztech Syst. PTE Ltd.*, 61 F.3d 696, 703 (9th Cir. 1995).) Each of these elements is readily established in this case.

### A.     An Adequate Alternative Forum Exists.

The threshold inquiry is whether there is an adequate alternative forum available for adjudication. (*Ceramic Corp. of Amer. v. Inka Maritime Corp.*, 1 F.3d 947, 949 (9th Cir. 1993).) The requirement of an adequate alternative forum is usually satisfied if the defendant is amenable to service of process in the other jurisdiction. (*Lockman Foundation v. Evangelical Alliance Mission*, 930 F.2d 764, 767 (9th Cir. 1991).) A proposed forum is deemed unavailable only if its law effectively denies the plaintiff any remedy whatsoever. The fact that substantive law in the alternate forum is less favorable is irrelevant unless the remedy provided is "so clearly inadequate or unsatisfactory that it is no remedy at all." (*Piper*, 454 U.S. at 254; *see also Lockman*, 930 F.2d at 769 (possible unavailability of statutory claims in Japanese court did not make Japan an inadequate forum because plaintiff could bring other causes of action).) Less favorable procedural law also does not make a forum inadequate. (*Id.*, at 768 (Japan was adequate forum despite different

discovery procedures).)  Here, Walton is a resident living in Virginia while Plaintiff is incorporated in Delaware – a nearby state. Virginia would easily be a more convenient forum for both parties.

**B.    Private and Public Interest Factors Favor Virginia.**

**1.  The Private Interest Factors Favor Virginia.**

Most important in determining whether to grant a forum non conveniens motion are private interest factors, which fall into three categories: (1) relative ease of access to sources of proof; (2) availability of witnesses; and (3) all other practical factors favoring an expeditious and inexpensive trial. (*Lockman*, 930 F.2d at 769-770; *Creative Tech.*, 61 F.3d at 703.) Where, as here, the majority of witnesses and documents are located in an alternate forum, the action should be dismissed. (*Creative Tech.*, 61 F.3d. at 703 (dismissal upheld in copyright action where design and manufacture of both parties' computer software took place in Singapore, so that  most of the witnesses and documents were located there).Given the absolute lack of nexus between Walton and California; the crowded federal dockets; and the risk of inconsistent judgments because of the arbitration clause, it would be an inefficient use of judicial resources for this case to proceed in California. Dismissal is favored to avoid duplicative litigation and inconsistent outcomes. (*Contact Lumber Co.v. P.T. Moges Shipping Co.*, 918 F.2d 1446, 1452 (9th Cir. 1990) ("There are significant advantages in having all the parties . . . assert their claims in one forum, not only to avoid inconsistent factual findings, but also to spare the litigants the additional costs of duplicate lawsuits.").) There is no need to litigate this matter separately in both forums, burdening a California court and jury with an action based on events that took place outside of the United States.

DEFENDANTS' MOTION TO DISMISS

### C.    The Balance of Conveniences Outweighs Plaintiff's Choice of Forum

Plaintiff may argue that dismissal would deprive a California company of access to its home forum. While a plaintiff's choice of forum may often be respected, "[t]he deference due to plaintiff[]…is far from absolute." (*Lockman*, 930 F.2d at 767.) As the Supreme Court noted, "[a] citizen's forum choice should not be given dispositive weight . . . [I]f the balance of conveniences suggests that trial in the chosen forum would be unnecessarily burdensome for the defendant or the court, dismissal is proper." (*Piper Aircraft*, 454 U.S. at 256 n.23.) This is why "[i]n practice, 'the cases demonstrate that defendants frequently rise to the challenge' of showing an alternative forum is the more convenient one." (*Lockman*, 930 F.2d at 767 (quoting *Contact Lumber Co. v. P.T. Moges Shipping Co.*, 918 F.2d 1446, 1449 (9th Cir. 1990) (emphasis added).)

As set forth above, the substantial burden on defendants of litigating in California far outweighs the relatively minimal inconvenience to Plaintiff of litigating in Virginia. Plaintiff transacts business all over the country, including this transaction with Dominion Sourcing, LLC – a Virginia Corporation.

## V.    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BASED ON FAILURE TO STATE A CLAIM

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a party's pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." (Fed. R. Civ. P. 8(a)(2).) However, Rule 9(b) requires that, when fraud is alleged, "a party must state with particularity the circumstances constituting fraud . . . ." (Fed. R. Civ. P. 9(b).) Where fraud is not an essential element of a claim, only those allegations of a complaint which aver fraud are subject to Rule 9(b)'s heightened pleading standard. (*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105.) Any averments which do not meet that standard should be "disregarded," or "stripped" from the claim for failure to satisfy Rule

9(b). Id. To the extent a party does not aver fraud, the party's allegations need only satisfy the requirements of Rule 8(a)(2). (*Id*.) "Fraud can be averred by specifically alleging fraud, or by alleging facts that necessarily constitute fraud (even if the word 'fraud' is not used)." (*Id*.)

Rule 9(b) demands that the circumstances constituting the alleged fraud "be 'specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'" (*Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (quoting *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993).) "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." (*Vess*, 317 F.3d at 1106 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997).) A party alleging fraud must "set forth more than the neutral facts necessary to identify the transaction." (*In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994), *superceded by statute on other grounds*.)

Rule 9(b) serves three purposes: (1) to provide defendants with adequate notice to allow them to defend the charge and deter plaintiffs from the filing of complaints "as a pretext for the discovery of unknown wrongs"; (2) to protect those whose reputation would be harmed as a result of being subject to fraud charges; and (3) to "prohibit [ ] plaintiff[s] from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis." (*In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 (9th Cir. 1996) (quoting *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985)) (internal quotations omitted, brackets in original).)

Here, the Plaintiff has pled a fraud count against David Walton, but Plaintiff failed to plead with particularity.  Plaintiff failed to provide the who, what, where, when, why, and how as to the facts of the claim.  Plaintiff failed to identify the false representation, when it was made, who said it to whom, how it was said, or how the Plaintiff relied upon this statement to its detriment.  Indeed, even

DEFENDANTS' MOTION TO DISMISS

accepting Plaintiff's allegations as true (which they are not), Plaintiff fails to explain how Dominion's payment for goods caused harm to the Plaintiff.  Plaintiff has not alleged that it would have been able to sell the products elsewhere for a higher price.  Since no detriment exists and the Plaintiff has failed to plead with particularity, Plaintiff's claim is deficient and must be dismissed.

## VI.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that their motion to dismiss be granted in its entirety.

DATED:  June 12, 2023                    **ENENSTEIN PHAM & GLASS, LLP**

By: _____
       Jesse K. Bolling
       Attorney for Defendants Dominion
       Sourcing, LLC and David C. Walton

DEFENDANTS' MOTION TO DISMISS

# **CERTIFICATION**

I certify that the parties met in person or by videoconference, thoroughly discussed each and every issue raised in the motion, and attempted in good faith to resolve the motion in whole or in part.

DATED:  June 12, 2023                    **ENENSTEIN PHAM & GLASS, LLP**

By: _____

Jesse K. Bolling
Attorney for Defendants Dominion
Sourcing, LLC and David C. Walton

DEFENDANTS' MOTION TO DISMISS

JESSE K. BOLLING (SBN 286267)
*Email: jbolling@epglawyers.com*
**ENENSTEIN PHAM & GLASS, LLP**
3200 Bristol Street, Suite 500
Costa Mesa, CA 92626
Phone:  (714) 292-0262
Fax:      (714) 464-4770

Attorneys for Defendants
Dominion Sourcing, LLC and David C. Walton

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERABODY, INC., a Delaware Corporation,<br><br>                Plaintiff,<br><br>v.<br><br>DOMINION SOURCING, LLC, a Virginia Limited Liability Company, and DAVID C. WALTON, an Individual,<br><br>                Defendants. | Case No. 2:23-cv-02086-SB-AS<br><br>*Assigned to Hon. Stanley Blumenfeld*<br><br>**DECLARATION OF DAVID C. WALTON IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**<br><br>[*Filed Concurrently with Defendants' Motion to Dismiss, Declaration of David Rubenstein, and [Proposed] Order*]<br><br>**Date:**     July 28, 2023<br>**Time:**    8:30 a.m.<br>**Courtroom:** C6<br><br>**Complaint Filed:** March 22, 2023 |

DEC. OF DAVID. C. WALTON ISO DEFENDANTS' MOTION TO DISMISS

## <u>DECLARATION OF DAVID C. WALTON</u>

I, David Walton, declare as follows:

1.      I am over the age of 18, and have personal knowledge of all matters set forth herein.

2.      On September 12, 2022, Plaintiff Therabody, Inc. ("Plaintiff") entered into a contract (hereinafter "Contract") with Defendant Dominion Sourcing, LLC ("Dominion").  The Contract identified Plaintiff as a "Delaware Corporation."

3.      Plaintiff was aware that Dominion was a limited liability company residing in Virginia.

4.      I signed the contract as the IT Director of Dominion Sourcing, LLC.

5.      Notably however, I did not sign the contract in a personal capacity nor sign any other contract in a personal capacity with Plaintiff.

6.      I am a Virginia resident.  I am not a resident of California, do not work there, do not own property there, and has no personal connection to the state whatsoever.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 10, 2023 in Virginia.

*/s/ David Walton*
David C. Walton

DEC. OF DAVID C. WALTON ISO DEFENDANTS' MOTION TO DISMISS

1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

10
11
12
13

THERABODY, INC., a Delaware Corporation,

14
15

Plaintiff,

16

v.

17
18

DOMINION SOURCING, LLC, a Virginia Limited Liability Company, and DAVID C. WALTON, an Individual,

19
20

Defendants.

21
22
23
24
25
26
27
28

Case No. 2:23-cv-02086-SB-AS

*Assigned to Hon. Stanley Blumenfeld*

**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, LACK OF PERSONAL JURISDICTION AND FORUM NON CONVENIENS, AND FAILURE TO STATE A CLAIM**

[*Filed Concurrently with Defendants' Motion to Dismiss and Declarations of David Walton and David Rubenstein*]

**Date:**       July 28, 2023
**Time:**       8:30 a.m.
**Courtroom:** C6

**Complaint Filed:** March 22, 2023

**[PROPOSED] ORDER**

Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, Lack of Personal Jurisdiction and Forum Non Conveniens, and Failure to State a Claim filed by Defendants Dominion Sourcing, LLC and David C. Walton (collectively, "Defendants") in this matter came on regularly for hearing before this Court on July 28, 2023, at 8:30 a.m.

Having considered the moving and opposition papers, arguments, and all other matters presented to the Court, the Court finds that Plaintiff Therabody, Inc. has failed to allege sufficient facts establishing standing and has failed to state a claim upon which relief may be granted.

IT IS HEREBY ORDERED that the Defendants' Motion to Dismiss is GRANTED. The Complaint in this case is ordered dismissed [with] [without] prejudice.

Dated:

_____
Stanley Blumenfeld, Jr.
United States District Judge

**Becca Schlote**

| | |
|---|---|
| **From:** | cacd_ecfmail@cacd.uscourts.gov |
| **Sent:** | Monday, June 12, 2023 6:13 PM |
| **To:** | ecfnef@cacd.uscourts.gov |
| **Subject:** | Activity in Case 2:23-cv-02086-SB-AS Therabody, Inc. v. Dominion Sourcing, LLC et al Motion to Dismiss for Lack of Jurisdiction |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

**Notice of Electronic Filing**

The following transaction was entered by Bolling, Jesse on 6/12/2023 at 6:12 PM PDT and filed on 6/12/2023

| | |
|---|---|
| **Case Name:** | Therabody, Inc. v. Dominion Sourcing, LLC et al |
| **Case Number:** | 2:23-cv-02086-SB-AS |
| **Filer:** | Dominion Sourcing, LLC |
| | David C. Walton |
| **Document Number:** | 22 |

**Docket Text:**
**NOTICE OF MOTION AND MOTION to Dismiss for Lack of Jurisdiction *and forum non conveniens, and failure to state a claim* filed by Defendant Dominion Sourcing, LLC, David C. Walton. Motion set for hearing on 7/28/2023 at 08:30 AM before Judge Stanley Blumenfeld Jr.. (Attachments: # (1) Declaration DECLARATION OF D. WALTON IN SUPPORT OF MOTION TO DISMISS, # (2) Proposed Order [PROPOSED] ORDER GRANTING DEFENDANTS MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, LACK OF PERSONAL JURISDICTION AND FORUM NON CONVENIENS, AND FAILURE TO STATE A CLAIM) (Attorney Jesse K Bolling added to party Dominion Sourcing, LLC(pty:dft), Attorney Jesse K Bolling added to party David C. Walton(pty:dft)) (Bolling, Jesse)**

**2:23-cv-02086-SB-AS Notice has been electronically mailed to:**

Alex E. Jones    aej@kjk.com, cbuilder@kjk.com

1

Jesse Bernard Levin     jlevin@glaserweil.com, csmith@glaserweil.com

Jesse K Bolling     jbolling@enensteinlaw.com, bschlote@epglawyers.com, sriemer@epglawyers.com

Kyle D. Stroup     kds@kjk.com, cbuilder@kjk.com

**2:23-cv-02086-SB-AS Notice has been delivered by First Class U. S. Mail or by other means <u>BY THE FILER</u> to :**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\fakepath\2023.06.12 - Dominion Motion to Dismiss (00507345).pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=6/12/2023] [FileNumber=36002003-0
] [49c661ba36164ee9db6906efc5669c90121125cf484a1fc97a32c84011bd081fc40
0f2daeab1f33e6e66a4fad84d5a5468247046433aec56e085c0ec9f3076b8]]
**Document description:**Declaration DECLARATION OF D. WALTON IN SUPPORT OF MOTION TO DISMISS
**Original filename:**C:\fakepath\2023.06.12 - Dec. of D. Walton ISO Motion to Dismiss (00507346).pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=6/12/2023] [FileNumber=36002003-1
] [aa0a63eceb6d179e87c8ee6898e5e65ed3b20f724d92d4d33982d3af76022421b89
72173bb8efdc1b696e1a953a381b6a29fb7216f7957ee426a80ab5bad3ea1]]
**Document description:**Proposed Order [PROPOSED] ORDER GRANTING DEFENDANTS MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, LACK OF PERSONAL JURISDICTION AND FORUM NON CONVENIENS, AND FAILURE TO STATE A CLAIM
**Original filename:**C:\fakepath\2023.06.12 - [Proposed] Order ISO Motion to Dismiss (00507347).pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=6/12/2023] [FileNumber=36002003-2
] [7fd0bd126fbbd87a183dd5ce2a61f57b7e8c575f1633b51fad34be80397c93e32d3
6a149a110f9721325a98167d597ab7fa77030f572f294909e60444b1fba58]]