# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

THERABODY, INC.

    Plaintiff,

vs.

DAVID C. WALTON,

    Defendant.

Case No. 3:23-cv-545-RCY

## DEFENDANT DAVID C. WALTON'S REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant David C. Walton ("Walton" or "Defendant"), by counsel, pursuant to Fed. R. Civ. P. 12(b)(6), respectfully submits this Reply Memorandum of Law in response to the opposition filed by Plaintiff Therabody, Inc. ("Plaintiff") and in further support of his Motion to Dismiss.

## ARGUMENT AND AUTHORITIES

### I. Plaintiff's Complaint Against Walton Fails, As Walton Is Not A Party To The Contract.

In Plaintiff's Opposition, Plaintiff concedes and does not dispute that Walton is not a party to the contract between Plaintiff and Dominion Sourcing, LLC ("Dominion"), dated September 12, 2022 (the "Contract"). [ECF No. 1-2]. Yet, Plaintiff insists that its claims against Walton may proceed because Plaintiff purports to have alleged fraud against Walton—not breach of contract. Such argument lacks merit.

First, despite not being pled in the Complaint, Plaintiff is now asking this Court to disregard Walton's corporate entity, Dominion, and is seeking to pierce the corporate veil. However, the

1

Fourth Circuit has held that veil piercing is proper only in "exceptional cases." *Finney v. Clark Realty Capital*, 2021 U.S. Dist. LEXIS 218553 (E.D. Va. July 20, 2021) (citing *C.F. Tr., Inc. v. First Flight L.P.*, 266 Va. 3, 580 S.E.2d 806, 811 (Va. 2003) ("[T]he standards for veil piercing are very stringent, and piercing is an extraordinary measure that is permitted only in the most egregious circumstances.")).

This is not an exceptional circumstance. A review of the record demonstrates that Plaintiff is merely disguising its breach of contract claim against Dominion as one for fraud against Walton. More specifically, a comparison of Plaintiff's California Demand for Arbitration and the instant Complaint reveals nearly word-for-word allegations. The only difference lies in the demand for relief, where Plaintiff merely substituted fraud allegations against Walton instead of asserting a breach of contract claim against Dominion.

Likewise, Plaintiff concedes and does not dispute that Plaintiff is seeking the same amount of damages in the California Arbitration as in this case—both of which rely on the Liquidated Damages Clause in the Contract. Because the Demand for Arbitration and Complaint both rely on the Contract and seek identical damages, the record clearly demonstrates that this is not an exceptional case that justifies piercing the corporal veil. As Plaintiff makes no attempt to assert facts to support veil piercing, the Complaint against Walton fails, as Walton is not a party to the Contract.

**II.     The Economic Loss Rule Bars Plaintiff's Complaint.**

Plaintiff insists that the economic loss rule does not apply because an exception exists for alleged fraudulent inducement based on representations separate and apart from the contract. Plaintiff chiefly relies on *Marcano v. Fox Motors, Inc.*, Case No. 1:11-cv-16, 2011 U.S. Dist. LEXIS 38367, at *4 (E.D. Va. Apr. 7, 2011). However, a closer look at the facts in that case

demonstrate that it has no applicability here.

In that case, a consumer sued a car dealer for making false representations as to the condition of a car before the sale took place. The ultimate contract between the parties did not contain any representations concerning the condition of the car and did not contain any disclaimer language which would limit the certain promises that the parties relied upon in forming the contract. The Court held that since the false representations about the car's condition arose prior to the contract and were not part of the contract, the representations existed separate and apart from the contract and could sustain a separate cause of action in tort.

Conversely, none of those *Marcano* facts exist here. Here, Plaintiff alleges that Walton, on behalf of Dominion, made false representations about his intent to sell the products to third parties as corporate gifts prior to execution of the Contract. As noted in Walton's initial Memorandum of Law, Plaintiff's allegation is wholly contradicted by the emails attached to the Complaint. Indeed, those emails never mention the words "corporate gifts." Nevertheless, even if Plaintiff's allegations could be considered true, even though they are not, Plaintiff memorialized these obligations in Section 3 of the Contract. According to Plaintiff, Section 3 prohibits the sale of any products to third parties. Paragraph 21 of the Complaint admits that "Section 3 is an integral part of the Agreement, and Therabody specifically bargained for this Section due to the harm caused by the unauthorized resale of the Products on ecommerce websites, which is precisely why Therabody only permits the resale of its Products through Authorized Resellers."

Unlike in *Marcano* where the representations concerning the car's condition were never part of the contract, here Plaintiff insisted on memorializing these obligations in Section 3 of the Contract. Therefore, Plaintiff's own Complaint undermines the position Plaintiff now takes before this Court. Even if Walton had made the representations that Plaintiff alleges, these

representations were not separate and apart from the terms of the Contract to stand alone as an independent tort; rather, these representations were incorporated into the Contract itself. Any alleged failure by Dominion to adhere to the Contract is, at most, a potential breach of contract—not fraud. Therefore, no exception to the economic loss rule exists, and Plaintiff's claim should be barred for this reason alone.

Furthermore, this case is distinguishable from *Marcano* because the contract in *Marcano* did not contain a disclaimer limiting the representations which induced the formation of the contract. Here, the opposite is true. In Section 8 of the Contract, which Plaintiff drafted, Plaintiff admitted that it did not enter into the Contract in reliance upon any representation other than as set forth in Section 8. Specifically, Section 8 states: "Both parties acknowledge that they have not entered into this Agreement in reliance upon any warranty or representation other than those set forth above in this Section 8." Contract, ECF No 1-2, at 3. Nowhere in Section 8 is there any warranty or representation by Dominion concerning the products being used as "corporate gifts." Rather, the Contract expressly confirms that Plaintiff has not "entered into this Agreement in reliance upon any warranty or representation other than those set forth in Section 8." *Id.* Because the alleged representation that Dominion purchased the products only for "corporate gifts" is not part of Section 8, Plaintiff is precluded from asserting that it relied upon or was induced to enter into the Contract based upon that representation. Therefore, no exception to the economic loss rule exists, and Plaintiff's claim should be barred for this reason alone.

### III.     The Complaint Must be Dismissed Because Plaintiff Fails to State a Claim for Fraud with Particularity.

Despite Plaintiff's assertions, it fails to sufficiently plead fraud with the required particularity. Rule 9(b) of the Federal Rules of Civil Procedure provides that "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). In Plaintiff's

4

Opposition, it concedes that none of the emails attached to the Complaint constitute proof of Walton's representations or contain the words "corporate gifts." Plaintiff's bare allegations of fraud are not supported by the exhibits attached to the Plaintiff's Complaint and are in fact belied by those exhibits.

Likewise, Plaintiff concedes that it failed to allege any particularity regarding how the alleged fraudulent conduct resulted in damages. As noted in Walton's opening Memorandum in Support [ECF No. 15], mere "'naked assertions' of wrongdoing" are generally insufficient to state a claim for relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citation omitted). In other words, the rule demands more than bald accusations or mere speculation. *Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013).

In its Opposition, Plaintiff admits that it discovered only **one** product that Dominion allegedly sold to a third party ("Therabody purchased one of the Products from an Amazon seller and traced the purchased-Product back to those Products sold to Walton and Dominion. *See id.* at ¶ 53."). Pl's Opp., ECF No. 20, at 7. Out of the 24,000 products that Plaintiff sold to Dominion, Plaintiff's entire case rests only upon a single item. Incredulously, from that one item, Plaintiff is seeking damages of over $4M as if Plaintiff had discovered that **all** of the products were re-sold by Dominion. Plaintiff's damages are nothing more than bald accusations or speculation, which demands dismissal under Rule 9(b).[1]

Even if all the products were at issue (which they are not), Plaintiff still fails to specify how Walton's conduct resulted in a loss to Plaintiff. Plaintiff does not allege anywhere in the Complaint that it suffered a loss based on the cost of the products. To the contrary, Plaintiff earned

---

[1] It also should be noted that Plaintiff's reliance on a single item also requires dismissal under Fed. R. Civ. P. 12(b)(1), as Plaintiff fails to meet the jurisdictional monetary requirement for diversity jurisdiction of $75,000.

profits on its Contract with Dominion. Plaintiff's sole allegation is that it lost the potential to earn more money had Plaintiff not sold the products for a discount. Because Plaintiff fails to plead that it actually suffered a loss based on the cost of the products, Plaintiff has failed to plead a valid claim for damages under Rule 9(b) and Rule 12(b)(6) and its Complaint must be dismissed.

IV. **The Complaint Must be Dismissed Because Plaintiff Concedes It Did Not Rely on Any Representation When Entering Into the Contract.**

As noted in the initial Memorandum, Plaintiff insists in its Complaint that Walton committed fraud because he allegedly made false representations to Plaintiff to induce Plaintiff to enter into the Contract. However, the plain language of the Contract indisputably undermines this position because Section 8 of the Contract admits that Plaintiff did not rely upon any representation other than that set forth in Paragraph 8.

The Plaintiff argues that this express disclaimer, which Plaintiff drafted, should not be enforced in situations of fraudulent inducement. Plaintiff relies upon *FS Photo, Inc. v. PictureVision, Inc.*, 61 F. Supp. 2d 473 (E.D. Va. 1999), but that reliance is misplaced because the holding in that case only applies to situations of general disclaimers or merger clauses. Conversely, the Fourth Circuit holds that in situations involving an express disclaimer, claims of fraudulent inducement may be barred. *LTD Mgmt. Co., LLC v. Holiday Hospitality Franchising, Inc.*, 2008 U.S. Dist. LEXIS 112024 (E.D. Va. March 11, 2008). In *LTD Mgmt. Co., LLC*, the Court held that a claim for fraud may be viable "**unless** a specific disclaimer covers the 'allegedly fraudulent, contract-inducing representations.'" *Id.* (emphasis added).

Here, we have an express disclaimer in which Plaintiff admits that it did not rely upon Walton's alleged representation that Dominion would only sell the products internally. Section 8 identifies a number of representations and warranties, and expressly states that no other representation was relied upon by Plaintiff in entering into this Contract. As Section 8 states,

6

"Both parties acknowledge that they have not entered into this Agreement in reliance upon any warranty or representation other than those set forth above in this Section 8." Contract, ECF No 1-2, at 3. Because the specific disclaimer, as drafted by Plaintiff, covers the allegedly fraudulent representations, Plaintiff's claim is barred. Therefore, as no relief can be granted under any set of facts that could be proven consistent with the allegations, Plaintiff's claim must be dismissed.

**V.      Any Amendment by Therabody Would Be Futile.**

The Fourth Circuit has held that there "is no error in disallowing an amendment when the claim sought to be pleaded by amendment plainly would be subject to a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *McDermott v. Moretz*, 898 F.2d 418, 420-21 (4th Cir. 1990). Plaintiff cannot make allegations that would change the plain language of the Contract. Plaintiff already incorporated in its Complaint the email correspondence between Walton and Plaintiff upon which Plaintiff relies to claim Walton made fraudulent representations. The context of those emails and the language of the Contract preclude Plaintiff's claim against Walton for the reasons described above, and, therefore, Plaintiff's request to amend the Complaint should be denied.

## **CONCLUSION**

For the reasons stated herein, Plaintiff's Complaint fails to state a claim upon which relief may be granted against David Walton. As such, this Court should dismiss the Complaint with prejudice, as any amendment would be futile, and grant Walton any other relief it deems fit and just.

Dated: December 6, 2023.

Respectfully submitted,

DAVID C. WALTON

By Counsel:

/s/ *Belinda D. Jones*
Belinda D. Jones (VSB No. 72169)
Elizabeth S. Olcott (VSB No. 88008)
CHRISTIAN & BARTON, L.L.P.
901 East Cary Street, Suite 1800
Richmond, Virginia 23219
Tel.: (804) 697-4100
Fax: (804) 697-6159
bjones@cblaw.com
lolcott@cblaw.com

David Rubenstein (NJ 012912005)
*Admitted pro hac vice*
Rubenstein Business Law
100 Horizon Center Blvd.
Hamilton, New Jersey 08691
drubenstein@rubensteinbusinesslaw.com

## CERTIFICATE OF SERVICE

I certify that on December 6, 2023, I filed a copy of the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

/s/ Belinda D. Jones
Counsel

*Counsel for Defendant David Walton*