**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

|  |  |
|---|---|
| **THERABODY, INC.**<br><br>    Plaintiff,<br><br>vs.<br><br>**DAVID C. WALTON,**<br><br>    Defendant. | Case No. 3:23-cv-545-RCY |

## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

Defendant David C. Walton ("Defendant" or "Walton"), by and through his undersigned counsel, responds to Plaintiff Therabody, Inc.'s ("Plaintiff") Complaint as follows:

## INTRODUCTION

1. Defendant denies the allegations in Paragraph 1.

2. Defendant denies the allegations in Paragraph 2.

3. Defendant denies the allegations in Paragraph 3.

4. Defendant denies the allegations in Paragraph 4.

## PARTIES

5. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 5. To the extent a response is required, Defendant denies the allegations of Paragraph 5.

6. Defendant admits the allegations in Paragraph 6.

7. Defendant admits that he is a member of Dominion Sourcing, LLC. Defendant denies the remaining allegations in Paragraph 7.

## JURISDICTION AND VENUE

8. Paragraph 8 contains legal conclusions to which no response is required of Defendant. To the extent a response is required, Defendant does not challenge that complete diversity of citizenship exists between the parties.

9. Defendant denies the allegations in Paragraph 9.

10. Paragraph 10 contains legal conclusions to which no response is required of Defendant. To the extent a response is required, Defendant does not contest that venue is proper in this judicial district.

## BACKGROUND

11. Defendant lacks knowledge sufficient to form a belief as to the truth of allegations in Paragraph 11. To the extent a response is required, Defendant denies the allegations of Paragraph 11.

12. Defendant lacks knowledge sufficient to form a belief as to the truth of allegations in Paragraph 12. To the extent a response is required, Defendant denies the allegations of Paragraph 12.

13. Defendant lacks knowledge sufficient to form a belief as to the truth of allegations in Paragraph 13. To the extent a response is required, Defendant denies the allegations of Paragraph 13.

14. Defendant lacks knowledge sufficient to form a belief as to the truth of allegations in Paragraph 14. To the extent a response is required, Defendant denies the allegations of Paragraph 14.

15. Defendant lacks knowledge sufficient to form a belief as to the truth of allegations in

Paragraph 15. To the extent a response is required, Defendant denies the allegations of Paragraph 15.

16. Defendant admits the allegations of Paragraph 16.

17. Defendant admits that the Agreement attached as Exhibit 1 to Plaintiff's Complaint speaks for itself and denies any allegations inconsistent therewith. Defendant denies any remaining allegations set forth in Paragraph 17.

18. Defendant admits that the Agreement attached as Exhibit 1 to Plaintiff's Complaint speaks for itself and denies any allegations inconsistent therewith. Defendant denies he is a party to the Agreement and denies any remaining allegations set forth in Paragraph 18.

19. Defendant admits that the Agreement attached as Exhibit 1 to Plaintiff's Complaint speaks for itself and denies any allegations inconsistent therewith. Defendant denies he is a party to the Agreement and denies any remaining allegations set forth in Paragraph 19.

20. Defendant admits that the Agreement attached as Exhibit 1 to Plaintiff's Complaint speaks for itself and denies any allegations inconsistent therewith. Defendant denies any remaining allegations set forth in Paragraph 20.

21. Defendant admits that the Agreement attached as Exhibit 1 to Plaintiff's Complaint speaks for itself and denies any allegations inconsistent therewith. Defendant denies he is a party to the Agreement and denies any remaining allegations set forth in Paragraph 21.

22. Defendant lacks knowledge sufficient to form a belief as to the truth of allegations in Paragraph 22. To the extent a response is required, Defendant denies the allegations of Paragraph 22.

23. Defendant lacks knowledge sufficient to form a belief as to the truth of allegations in

Paragraph 23. To the extent a response is required, Defendant denies the allegations of Paragraph 23.

24. Defendant lacks knowledge sufficient to form a belief as to the truth of allegations in Paragraph 24. To the extent a response is required, Defendant denies the allegations of Paragraph 24.

25. Defendant lacks knowledge sufficient to form a belief as to the truth of allegations in Paragraph 25. To the extent a response is required, Defendant denies the allegations of Paragraph 25.

26. Defendant lacks knowledge sufficient to form a belief as to the truth of allegations in Paragraph 26. To the extent a response is required, Defendant denies the allegations of Paragraph 26.

27. Defendant lacks knowledge sufficient to form a belief as to the truth of allegations in Paragraph 27. To the extent a response is required, Defendant denies the allegations of Paragraph 27.

28. Defendant admits that the Agreement attached as Exhibit 1 to Plaintiff's Complaint speaks for itself and denies any allegations inconsistent therewith. Defendant denies that he is party to the Agreement and denies any remaining allegations set forth in Paragraph 28.

29. Defendant admits that the correspondence speaks for itself and denies any allegations inconsistent therewith. Defendant denies any remaining allegations of Paragraph 29.

30. Defendant admits communication via telephone. Defendant denies any remaining allegations set forth in Paragraph 30.

31. Defendant admits that the correspondence attached as Exhibit 2 to Plaintiff's

Complaint speaks for itself and denies any allegations inconsistent therewith. Defendant denies any remaining allegations set forth in Paragraph 31.

32. Defendant admits that the correspondence attached as Exhibit 3 to Plaintiff's Complaint speaks for itself and denies any allegations inconsistent therewith. Defendant denies any remaining allegations set forth in Paragraph 32.

33. Defendant admits that the correspondence attached as Exhibit 2 to Plaintiff's Complaint speaks for itself and denies any allegations inconsistent therewith. Defendant denies any remaining allegations set forth in Paragraph 33.

34. Defendant admits that the correspondence attached as Exhibit 2 to Plaintiff's Complaint speaks for itself and denies any allegations inconsistent therewith. Defendant denies any remaining allegations set forth in Paragraph 34.

35. Defendant admits that the correspondence attached as Exhibit 2 to Plaintiff's Complaint speaks for itself and denies any allegations inconsistent therewith. Defendant denies any remaining allegations set forth in Paragraph 35.

36. Defendant admits that the correspondence attached as Exhibit 2 to Plaintiff's Complaint speaks for itself and denies any allegations inconsistent therewith. Defendant denies any remaining allegations set forth in Paragraph 36.

37. Defendant denies the allegations of Paragraph 37.

38. Defendant denies the allegations of Paragraph 38.

39. Defendant denies the allegations of Paragraph 39.

40. Defendant denies the allegations of Paragraph 40.

41. Defendant admits that Exhibit 4 to Plaintiff's Complaint speaks for itself and denies

any allegations inconsistent therewith. Defendant denies any remaining allegations set forth in Paragraph 41.

42. Defendant admits that Exhibit 5 to Plaintiff's Complaint speaks for itself and denies any allegations inconsistent therewith. Defendant denies any remaining allegations set forth in Paragraph 42.

43. Defendant admits that Exhibit 6 to Plaintiff's Complaint speaks for itself and denies any allegations inconsistent therewith. Defendant denies any remaining allegations set forth in Paragraph 43.

44. Defendant admits that Exhibit 7 to Plaintiff's Complaint speaks for itself and denies any allegations inconsistent therewith. Defendant denies any remaining allegations set forth in Paragraph 44.

45. Defendant denies the allegations of Paragraph 45.

46. Exhibits 4 through 8 speak for themselves and Defendant denies any allegations inconsistent therewith.

47. Defendant denies the allegations of Paragraph 47.

48. Defendant admits that Exhibit 8 to Plaintiff's Complaint speaks for itself and denies any allegations inconsistent therewith. Defendant denies any remaining allegations set forth in Paragraph 48.

49. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 49. To the extent a response is required, Defendant denies the allegations of Paragraph 49.

50. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations

in Paragraph 50. To the extent a response is required, Defendant denies the allegations of Paragraph 50.

51. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 51. To the extent a response is required, Defendant denies the allegations of Paragraph 51.

52. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 52. To the extent a response is required, Defendant denies the allegations of Paragraph 52.

53. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 53. To the extent a response is required, Defendant denies the allegations of Paragraph 53.

54. Defendant denies the allegations of Paragraph 54.

55. Defendant denies the allegations of Paragraph 55.

56. Defendant denies the allegations of Paragraph 56.

57. Defendant denies the allegations of Paragraph 57.

58. Defendant denies the allegations of Paragraph 58.

59. Defendant denies the allegations of Paragraph 59.

60. Defendant admits that Therabody sent a letter date February 7, 2023. Defendant denies any liability to Plaintiff and any remaining allegations.

61. Defendant admits that Therabody sent a letter date February 7, 2023. Defendant denies any liability to Plaintiff and any remaining allegations set forth in Paragraph 61.

62. Defendant denies any liability to Plaintiff and any remaining allegations set forth in

Paragraph 62.

63. Defendant admits that Plaintiff filed the referenced litigation in the United States District Court, Central District of California Defendant denies any remaining allegations set forth in Paragraph 63.

64. Defendant admits the allegations of Paragraph 64.

65. Defendant admits the allegations of Paragraph 65.

66. Defendant denies the allegations of Paragraph 66.

67. Defendant denies the allegations of Paragraph 67.

68. Defendant denies the allegations of Paragraph 68.

## COUNT ONE
## (FRAUD)

69. Defendant incorporates his responses above to the allegations in Paragraphs 1 – 68 of the Complaint and restates each such response as if fully set forth herein.

70. Defendant denies the allegations of Paragraph 70.

71. Defendant denies the allegations of Paragraph 71.

72. Defendant denies the allegations of Paragraph 72.

73. Defendant denies the allegations of Paragraph 73.

74. Defendant denies the allegations of Paragraph 74.

75. Defendant denies the allegations of Paragraph 75.

76. Defendant denies the allegations of Paragraph 76.

**WHEREFORE**, Defendant denies that Plaintiff is entitled to any of the relief requested in its Wherefore paragraph and demands judgment dismissing the Complaint with prejudice and

awarding Defendant costs of suit, reasonable attorneys' fees and litigation costs, and such other and further relief as the Court seems equitable and just.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE – THE ECONOMIC LOSS RULE BARS PLAINTIFF'S COMPLAINT

The Economic Loss Doctrine bars Plaintiff's Complaint because Plaintiff's entire one-count Complaint for Fraud is merely an attempt to manufacture a tort dispute out of what is, at bottom, a simple breach of contract claim. Throughout its Complaint, Plaintiff details the contract between it and Dominion Sourcing and attaches a copy of the contract as an exhibit to the Complaint. The damages sought by Plaintiff against Walton are entirely reliant on the liquidated damages clause in the contract, of which Walton was never a party.

### SECOND AFFIRMATIVE DEFENSE – PLAINTIFF FAILS TO PLEAD FRAUD WITH PARTICULARITY

Federal Rule of Civil Procedure 9(b) provides that "a party must state with particularity the circumstances constituting fraud." Here, Plaintiff failed to allege with particularity circumstances constituting fraud and thus fails to state a claim of fraud upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE – PLAINTIFF FAILS TO STATE A CLAIM FOR RELIEF

Plaintiff's Complaint insists that Walton committed fraud because he allegedly made false representations to Plaintiff to induce Plaintiff to enter into a contract. The contract attached to the Complaint undermines this position. *See* Plaintiff's Complaint, Exhibit 1. In Section 8 of the contract, which Plaintiff drafted, Plaintiff admitted that it did not enter into the contract in reliance upon any representation other than as set forth in Section 8. Because the alleged representation of the products being used for "corporate gifts" is not part of Section 8, Plaintiff is precluded from taking the position now that it was induced to enter into the contract by anything other than Section

8.

### **FOURTH AFFIRMATIVE DEFENSE – WAIVER**

In this case, Plaintiff waited several years before seeking to enforce its contract with Dominion Sourcing. Plaintiff's claims are barred by the doctrine of waiver.

### **FIFTH AFFIRMATIVE DEFENSE – UNJUST ENRICHMENT**

Plaintiff's claims are barred because such claims would result in unjust enrichment as Defendant's alleged conduct has not caused any harm or damage to Plaintiff.

### **SIXTH AFFIRMATIVE DEFENSE – NO MITIGATION OF DAMAGES**

Although improperly pled by Plaintiff as a claim for fraud, Plaintiff alleges a breach of contract against Defendant, but Plaintiff has not submitted any evidence of proof of mitigation of damages. Plaintiff's claims are barred by failure to mitigate damages.

### **SEVENTH AFFIRMATIVE DEFENSE – LACK OF CONSIDERATION**

Although improperly pled by Plaintiff as a claim for fraud, Plaintiff alleges a breach of contract against the Defendant, but Plaintiff has not submitted any evidence that consideration exists to enforce the contract. Plaintiff's claims are barred by lack of consideration.

# COUNTERCLAIM

Defendant-Counterclaim Plaintiff David C. Walton ("Walton"), by way of this Counterclaim against the Plaintiff-Counterclaim Defendant Therabody, Inc. ("Therabody") states as follows:

## PARTIES

1. Defendant-Counterclaim Plaintiff Walton is a Virginia citizen residing at 13321 W. Salisbury Road in Midlothian, Virginia.

2. Plaintiff-Counterclaim Defendant Therabody, Inc. is a California corporation with its principal place of business located at 6100 Wilshire Blvd Ste 200, Los Angeles, CA 90048.

## JURISDICTION & VENUE

3. This case was initially filed by Therabody in United States District Court for the Eastern District of Virginia.

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because this is a civil action between citizens of different states. For purposes of diversity jurisdiction, Therabody is considered a Delaware and California citizen whereas Walton is a Virginia citizen. Accordingly, complete diversity of citizenship exists between the parties.

5. This counterclaim exceeds the sum or value of $75,000, exclusive of interest and costs.

6. Venue is proper in the Eastern District of Virginia because Walton resides within the jurisdiction of the United States District Court for the Eastern District of Virginia, Richmond Division. *See* 28 U.S.C. § 1391(b)(1).

# FIRST COUNT
## (FRAUD)

7. David Walton is a member of Dominion Sourcing, LLC ("Dominion"). In late 2022, Dominion entered into various agreements, invoices, and purchase orders with Therabody to purchase a variety of new products over several months.

8. On October 11, 2022, Andrew Spellman, Vice President of Corporate Markets at Therabody, sent an email to Dominion offering 1,193 new units of B2B Mini Retail products for $87 each. *See* Exhibit A.

9. Through further phone negotiations between Spellman on behalf of Therabody and Walton on behalf of Dominion, on or about October 11, 2022, Spellman represented to Walton that the units were "new" and "never been used."

10. On October 24, 2022, Dominion accepted the offer ultimately for 1,092 units of B2B Mini Retail products for $87 each. Therabody submitted a Purchase Order reflecting the sale. *See* Exhibit B.

11. On November 8, 2022, upon receipt of the units, Walton learned that all of the items were not "new" and "never been used" – as previously represented. Rather, all of the items were refurbished.

12. Walton immediately notified Spellman of this misrepresentation. Upon hearing this information, Spellman admitted that the items were not "new" and "never been used" as previously represented. However, Spellman did not accept a return for these products.

13. Spellman, on behalf of Therabody, intentionally, knowingly, and with the intent to mislead, misrepresented that the items were new when, in fact, they were not and he knew they were not.

14. Walton reasonably relied upon Spellman's false representations to induce Walton

to purchase the products from Therabody.

15. As a result of Spellman's misrepresentations on behalf of Therabody, Thereabody has committed fraud resulting in damages to Walton.

## SECOND COUNT
### (UNJUST ENRICHMENT)

16. No written contract exists between Walton and Therabody.

17. On October 11, 2022, Andrew Spellman, Vice President of Corporate Markets at Therabody, sent an email to Dominion offering 1,193 new units of B2B Mini Retail products for $87 each. *See* Exhibit A.

18. Through further phone negotiations between Spellman on behalf of Therabody and Walton on behalf of Dominion, Spellman represented to Walton that the units were "new" and "never been used."

19. On October 24, 2022, Dominion accepted the offer ultimately for 1,092 units of B2B Mini Retail products for $87 each. Therabody submitted a Purchase Order reflecting the sale. *See* Exhibit B.

20. On November 8, 2022, upon receipt of the units, Walton learned that all of the items were not "new" and "never been used" – as previously represented. Rather, all of the items were refurbished.

21. Walton immediately notified Spellman of this misrepresentation. In response, Spellman admitted that the items were not "new" and "never been used" as previously represented. However, Spellman did not accept a return for these products.

22. Spellman, on behalf of Therabody, misrepresented that the items were new when, in fact, they were not and he knew they were not.

23. A benefit was conferred upon Therabody by receiving payment for new products,

but Therabody failed to deliver new products and instead provided refurbished products.

24. Spellman, and by extension Therabody, had knowledge that Walton was paying for new items when, indeed, they were refurbished.

25. By virtue of Therabody's unconscionable and unlawful practices, the use of these proceeds by Therabody without supplying proper products to Walton constitutes unjust enrichment at Walton's expense.

26. As a result of the unjust enrichment by Therabody, Walton has suffered substantial damages.

**WHEREFORE**, Walton demands judgment against Therabody for the following relief:

A. Compensatory damages;

B. Reasonable attorney's fees;

C. Punitive Damages;

D. Interest and costs of suit; and

E. Such other relief as the Court may deem equitable and just.

Dated: January 29, 2024.  Respectfully submitted,

DAVID C. WALTON

By Counsel:

/s/ *Belinda D. Jones*
Belinda D. Jones (VSB No. 72169)
Elizabeth S. Olcott (VSB No. 88008)
CHRISTIAN & BARTON, L.L.P.
901 East Cary Street, Suite 1800
Richmond, Virginia 23219
Tel.: (804) 697-4100
Fax: (804) 697-6159
bjones@cblaw.com
lolcott@cblaw.com

David Rubenstein (NJ 012912005)
*Admitted pro hac vice*
Rubenstein Business Law
100 Horizon Center Blvd.
Hamilton, New Jersey 08691
drubenstein@rubensteinbusinesslaw.com

**CERTIFICATE OF SERVICE**

      I certify that on January 29, 2024, I filed a copy of the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

                                            /s/ Belinda D. Jones
                                            Counsel

                                            *Counsel for Defendant David Walton*