**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | | |
|---|---|---|
| THERABODY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 3:23-cv-545-RCY |
| | ) | |
| DAVID C. WALTON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**PLAINTIFF THERABODY, INC'S ANSWER
TO DEFENDANT DAVID C. WALTON'S COUNTERCLAIM**

Plaintiff/Counterclaim Defendant Therabody, Inc. ("*Therabody*" or "*Plaintiff*") submits this answer to Defendant/Counterclaim Plaintiff David C. Walton's ("*Walton*" or "*Defendant*") (collectively, the "*Parties*") Counterclaim (the "*Counterclaim*"). Therabody denies each and every allegation contained in the Counterclaim that is not specifically admitted in this Answer. Subject to the foregoing, Therabody answers as follows:

**ANSWER TO COUNTERCLAIM**

**PARTIES**

1. Answering Paragraph 1, Therabody admits that Walton is a natural person who resides in Virginia.

2. Answering Paragraph 2, Therabody admits that it is a corporation with its principal place of business located in California.

**JURISDICTION & VENUE**

3. Answering Paragraph 3, Therabody admits this case was initially filed in the United States District Court for the Eastern District of Virginia.

4. Answering Paragraph 4, Therabody admits complete diversity of citizenship exists.

5. Answering Paragraph 5, Therabody states that Paragraph 5 calls for a legal conclusion to which no response is required. To the extent that a response is required, Therabody states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5, and therefore, Therabody denies them.

6. Answering Paragraph 6, Therabody admits that venue is proper in the Eastern District of Virginia.

## FIRST COUNT
## (FRAUD)

7. Answering Paragraph 7, Therabody admits that Walton is a member of Dominion Sourcing, LLC ("***Dominion***"). As to the remaining allegations, Paragraph 7 contains legal conclusions to which no response is required. To the extent that a response is required, Therabody states that Therabody sold the products subject to various agreements, invoices, and purchase orders and denies the remaining allegations.

8. Therabody states that the referenced Exhibit A speaks for itself and further objects to the authenticity and completeness of the referenced Exhibit A. Therabody states further that the email communication(s) between Andrew Spellman ("***Spellman***") and Defendant, which are attached to this Answer as **Exhibit 1**, demonstrate that Defendant and Dominion knew that referenced B2B Mini Retail products were "brown box," which is an industry term understood here to signify an otherwise new product that is not in retail packaging. . Therabody denies the remaining allegations contained in Paragraph 8. *See* Exh. 1.

9. Answering Paragraph 9, Therabody denies the allegations contained in Paragraph 9.

10. Answering Paragraph 10, Therabody states that the referenced Exhibit B speaks for itself and further objects to the authenticity and completeness of the referenced Exhibit B. Therabody states further that the email communication(s) between Spellman and Defendant attached as **Exhibit 1** demonstrate that Defendant and Dominion knew that the referenced B2B Mini Retail products were "brown box," which is an industry term understood here to signify an otherwise new product that is not in retail packaging. Therabody states that Dominion and Defendant knowingly purchased 1,092 "brown box," i.e. an otherwise new product in non-retail packaging, B2B Mini Retail products for $87 each from Therabody, and Therabody denies the remaining allegations contained in Paragraph 10. *See* Exh. 1.

11. Answering Paragraph 11, Therabody states that Defendant and Dominion knowingly purchased "brown box," i.e. an otherwise new product in non-retail packaging, B2B Mini Retail products. *See* Exh. 1. Therabody denies it sold Defendant any refurbished products. Therabody states further that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11, and therefore Therabody denies them.

12. Answering Paragraph 12, Therabody states that Defendant and Dominion knowingly purchased "brown box," i.e. an otherwise new product in non-retail packaging, B2B Mini Retail products. *See* Exh. 1. Therabody denies the remaining allegations contained in Paragraph 12.

13. Answering Paragraph 13, Therabody states that Paragraph 13 calls for a legal conclusion to which no response is required. To the extent that a response is required, Therabody denies the allegations contained in Paragraph 13.

14. Answering Paragraph 14, Therabody states that Paragraph 14 calls for a legal conclusion to which no response is required. To the extent that a response is required, Therabody

states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14, and therefore, Therabody denies them.

15. Answering Paragraph 15, Therabody states that Paragraph 15 calls for a legal conclusion to which no response is required. To the extent that a response is required, Therabody denies the allegations contained in Paragraph 15.

## SECOND COUNT
### (UNJUST ENRICHMENT)

16. Therabody states that Paragraph 16 calls for a legal conclusion to which no response is required. To the extent that a response is required, Therabody denies the allegations contained in Paragraph 16.

17. Answering Paragraph 17, Therabody states that the referenced Exhibit A speaks for itself and further objects to the authenticity and completeness of the referenced Exhibit A. Therabody states further that the email communication(s) between Spellman and Defendant, which are attached to this Answer as **Exhibit 1**, demonstrate that Defendant and Dominion knew that referenced B2B Mini Retail products were "brown box," i.e. an otherwise new product in non-retail packaging. *See* Exh. 1. Therabody denies the remaining allegations contained in Paragraph 17.

18. Answering Paragraph 18, Therabody states that Defendant and Dominion knowingly purchased "brown box," i.e. an otherwise new product in non-retail packaging, B2B Mini Retail products. *See* Exh. 1. Answering further, Therabody denies the allegations set forth in Paragraph 18.

19. Answering Paragraph 19, Therabody states that Paragraph 19 contains a legal conclusion to which no response is required. To the extent that a response is required, Therabody states that the referenced Exhibit B speaks for itself and further objects to the authenticity and

completeness of the referenced Exhibit B. Stating further, Therabody states that Defendant and Dominion knowingly purchased "brown box," i.e. an otherwise new product in non-retail packaging, B2B Mini Retail products. *See* Exh. 1. Therabody denies the remaining allegations contained in Paragraph 19.

20. Answering Paragraph 20, Therabody states that Defendant and Dominion knowingly purchased "brown box," i.e. an otherwise new product in non-retail packaging, B2B Mini Retail products. *See* Exh. 1. Therabody denies it sold Defendant any refurbished products. Therabody states further that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20, and therefore Therabody denies them.

21. Answering Paragraph 21, Therabody states that Defendant and Dominion knowingly purchased "brown box," i.e. an otherwise new product in non-retail packaging, B2B Mini Retail products. *See* Exh. 1. Therabody denies the remaining allegations contained in Paragraph 21.

22. Answering Paragraph 22, Therabody states that Paragraph 22 calls for a legal conclusion to which no response is required. To the extent that a response is required, Therabody denies the allegations contained in Paragraph 22.

23. Answering Paragraph 23, Therabody states that Paragraph 23 calls for a legal conclusion to which no response is required. Therabody denies it sold Defendant any refurbished products. To the extent that a response is required, Therabody denies the allegations contained in Paragraph 23.

24. Answering Paragraph 24, Therabody denies the allegations contained in Paragraph 24.

25. Answering Paragraph 25, Therabody states that Paragraph 25 calls for a legal conclusion to which no response is required. To the extent that a response is required, Therabody denies the allegations contained in Paragraph 25.

26. Answering Paragraph 26, Therabody states that Paragraph 26 calls for a legal conclusion to which no response is required. To the extent that a response is required, Therabody denies the allegations contained in Paragraph 26.

27. Therabody denies all allegations contained in the Counterclaim that are not specifically and expressly admitted in this Answer. Therabody denies all WHEREFORE clauses and all headers and sub-headers contained in the Counterclaim.

## **AFFIRMATIVE DEFENSES**

28. The Counterclaim fails to state a claim upon which relief can be granted.

29. The Counterclaim fails because Defendant is not the real party in interest for the transactions, occurrences, and circumstances alleged to give rise to the Counterclaim.

30. Defendant lacks standing to assert the Counterclaim, and therefore, the Counterclaim fails.

31. Defendant suffered no damages, and therefore, *inter alia*, the Counterclaim should be dismissed.

32. All or part of the Counterclaim is barred by the applicable statute of limitations.

33. To the extent that Walton failed to join all parties necessary for a just adjudication of the claim set forth in the Counterclaim, Walton's claim must be reduced or barred.

34. All or part of the Counterclaim is barred by the equitable doctrines of estoppel, and/or laches.

35. All or part of the Counterclaim is barred by Defendant's waiver.

36. All or part of the Counterclaim is barred as Defendant fraudulently acquired the products from Plaintiff.

37. All or part of the Counterclaim is barred by the doctrine of unclean hands resulting from Defendant's fraudulent conduct.

38. All or part of the Counterclaim is barred by the equitable doctrines of good faith, without actual malice, and for a justifiable purpose.

39. All or part of the Counterclaim is barred, in whole or in part, because Therabody was acting in good faith at all times.

40. All or part of the Counterclaim is barred, in whole or in part, because Therabody was privileged in its conduct.

41. To the extent it is established that any injuries to Walton because there were caused by intervening or superseding causes not under the control of Therabody, Walton's claim against Therabody must be reduced or barred.

42. To the extent it is established that any injuries to Walton were caused, in whole or in part, by acts and omissions of another or others over whom Therabody exercised no control and had no right to control, for which Therabody is not responsible, and whose conduct Therabody had no reason to anticipate or control, Walton's claim against Therabody must be reduced or barred.

43. Insofar as Walton is not the real party in interest to all or a portion of their claims or otherwise lacks standing to bring all or a portion of their claims, Walton's claim against Therabody must be reduced or barred.

44. Therabody expressly asserts, reserves, and incorporates by reference, as if fully rewritten herein, any and all other applicable defenses under Federal Rules of Civil Procedure 8(c) and 12(b).

45. To the extent that Walton has settled, compromised, released, or otherwise discharged all or a portion of their claim, Therabody is entitled to set-off.

46. The Counterclaim is barred, in whole or in part, by the doctrines of accord and satisfaction, unjust enrichment, release, bad faith, fraud, illegality, failure of consideration, license, justification, privilege, public necessity, private necessity, abuse of process, and/or consent.

47. Therabody reserves the right to add additional defenses.

**WHEREFORE**, Therabody prays for judgment as follows:

    A. That the Court dismiss the Counterclaim with prejudice;

    B. That Defendant take nothing by virtue of the Counterclaim.

    C. That the Court award Therabody its costs and fees, including reasonable attorneys' fees incurred in defending this action; and

    D. For such other and further relief as this Court deems just and proper.

Dated: February 20, 2024    Respectfully submitted,

/s/ Rachel W. Adams
William D. Prince IV, Esquire (VSB No. 77209)
Rachel W. Adams, Esquire (VSB No. 92605)
*Thompson*McMullan, P.C.
100 Shockoe Slip, 3rd Floor
Richmond, Virginia 23219
Tel: (804) 649-7545
Fax: (804) 780-1818
Email: wprince@t-mlaw.com
Email: radams@t-mlaw.com

ALEX E. JONES (0095807) (*Admitted pro hac vice*)
KYLE D. STROUP (0099118) (*Admitted pro hac vice*)
KOHRMAN JACKSON & KRANTZ LLP
1375 East Ninth Street, 29th Floor
Cleveland, Ohio 44114
Phone: 216-696-8700; Fax: 216-621-6536
Emails: aej@kjk.com; kds@kjk.com

*Counsel for Plaintiff/Counterclaim Defendant*

**CERTIFICATE OF SERVICE**

       I hereby certify that on this 20th day of February, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System which sends a Notification of Electric Filing (NEF) to the following counsel of record:

Belinda D. Jones, Esq.
Elizabeth S. Olcott, Esq.
Christian & Barton, LLP
901 East Cary Street, Suite 1800
Richmond, Virginia 23219
bjones@cblaw.com
lolcott@cblaw.com

David Rubenstein, Esq. (*Admitted pro hac vice*)
Rubenstein Business Law
100 Horizon Center Blvd.
Hamilton, New Jersey 08691
drubenstein@rubensteinbusinesslaw.com

*Counsel for Defendant/Counterclaim Plaintiff*

/s/ Rachel W. Adams
William D. Prince IV, Esquire (VSB No. 77209)
Rachel W. Adams, Esquire (VSB No. 92605)
*Thompson*McMullan, P.C.
100 Shockoe Slip, 3rd Floor
Richmond, Virginia 23219
Tel: (804) 649-7545
Fax: (804) 780-1818
Email: wprince@t-mlaw.com
Email: radams@t-mlaw.com

*Counsel for Plaintiff/Counterclaim Defendant*