IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| THERABODY, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No.  3:23cv545 (RCY) |
| | ) |
| DAVID C. WALTON, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ORDER**

This matter is before the Court on the parties' Joint Motion for Entry of Stipulated Protective Order ("Joint Motion," ECF No. 50).  Plaintiff/Counterclaim Defendant Therabody, Inc. ("Therabody") and Defendant/Counterclaim Plaintiff David C. Walton ("Mr. Walton") (collectively, the "Parties" and each a "Party"), by and through their respective attorneys, agree that certain discovery material produced in this case is and should be treated as confidential.  The Parties have therefore agreed to and asked the Court to enter this Agreed Protective Order ("Protective Order") pursuant to Federal Rule of Civil Procedure Rule 26(c).  This Protective Order shall govern the handling, use, dissemination, and disclosure of certain documents, information, and materials described herein and produced by the Parties hereto through discovery that the producing party claims to be confidential, proprietary, or otherwise sensitive in nature.

Finding the entry of such Order to be appropriate and in in the best interests of justice, the Court GRANTS the Joint Motion (ECF No. 50).  Accordingly, it is hereby ORDERED as follows:

1. This Protective Order shall govern the handling, use, and disclosure of documents, testimony, information, and materials produced, given, or filed in this case and designated or considered "Confidential" or "Confidential – Attorney Eyes Only" under this Protective Order.

2. For purposes of this Protective Order, any party may designate as "Confidential" or "Confidential – Attorney Eyes Only (AEO)" any materials produced in this action by any party or third party, including any documents (as that term is most broadly construed under Federal Rules of Civil Procedure 26 and 34), electronically stored information ("ESI"), answers to interrogatories, or other discovery requests in this action, any portion of any deposition testimony (including exhibits), or any other written, recorded, or graphic materials (collectively referred to herein as "Discovery Material"), which contain any confidential, proprietary, or sensitive information of Therabody or Mr. Walton or Dominion Sourcing LLC, including, but not limited to, confidential business information, records, trade secrets, other proprietary information, that should not be used or disseminated outside of the prosecution and defense of this present lawsuit (the "Lawsuit"). "Discovery Material" also includes every copy, compilation, abstract, summary, digest, and byproduct of any Discovery Material described in this paragraph.

3. No person or entity shall disclose, reveal, publish, or use any Discovery Material designated as "Confidential," or "Confidential – Attorney Eyes Only," or any information derived therefrom (including but not limited to all testimony, deposition or otherwise, that reveals the substance of any such materials), directly or indirectly, for any business, commercial, or competitive purpose, or for any purpose whatsoever, other than solely for the prosecution and/or defense of this Lawsuit, or any appeal therefrom. Any Discovery Material that the producing party or any third party (the "Producing Party") designates as "Confidential" or "Confidential – Attorney Eyes Only (AEO)" shall be treated as "Protected Discovery Material" and shall not be disclosed, revealed, published, or otherwise made known to any person or entity without the prior written consent of the Producing Party or by court order, except as set forth herein. If a dispute arises between the Parties regarding records and materials designated as "Confidential – AEO" by the Producing Party, the Parties shall confer as necessary to resolve the disagreement regarding the "Confidential – AEO" designation. The

Parties may further agree to designate certain documents, materials, records, and information outside of the categories described above as "Confidential – AEO" under the terms of this Protective Order, in which case the terms of this Protective Order shall apply.

4. Any Discovery Material that a Producing Party considers to be "Confidential," or "Confidential – Attorney Eyes Only" shall be designated as such in writing, or orally at a deposition, hearing, or trial, and shall be segregated from other non-confidential Discovery Material being submitted or produced. Protected Discovery Materials so designated shall be clearly marked on their face by placing the label "Confidential" or "Confidential – Attorney Eyes Only," as applicable, on the Protected Discovery Material prior to or at the time of disclosure, or, alternatively, shall be partially redacted. Protected Discovery Material so designated shall be treated as confidential and shall be governed by the provisions of this Protective Order. To the extent ESI is produced in a format that does not permit the branding of the designation on the face of the document (e.g., native Excel files or database exports), the Producing Party shall add the abbreviation "CONF" or "CONF – AEO MATERIAL" to the file name of such documents. Copies, extracts, summaries, notes, and other derivatives of documents, information, and data so designated as "Confidential" or "Confidential – Attorney's Eyes Only" also shall be deemed "Confidential" or "Confidential – Attorney's Eyes Only" and shall be subject to the provisions of this Protective Order. Discovery Material that has already been produced in discovery prior to the date of this Protective Order being entered by the Court may be retroactively designated as "Confidential" or "Confidential – Attorney Eyes Only" within fourteen (14) days of the entry date of this Protective Order.

5. If timely corrected, an inadvertent failure to designate Discovery Material as "Confidential" or "Confidential – Attorney's Eyes Only" when it is produced does not, standing alone, waive the Producing Party's right to secure protection under this Protective Order for such Protected Discovery Material. Upon timely correction of a designation, the receiving Party must

make reasonable efforts to ensure that the Protected Discovery Material is treated in accordance with the provisions of this Protective Order.

6. Except with the prior written consent of the Producing Party or by court order, any Protected Discovery Material that is designated as "Confidential" by the Producing Party shall be maintained under strict confidence, and no receiving Party ("Receiving Party") shall reveal, disclose, publish, or otherwise make known the contents of such "Confidential" Protected Discovery Material to any person or entity, except for the following, who may be given and may use the Protected Discovery Material that is designed as "Confidential" only for the purpose of the prosecution or defense of this Lawsuit:

   a. The Court, including its support personnel, subject to the requirements contained in paragraph 11 below regarding the filing of Protective Discovery Material with the Court;

   b. Counsel for any Party in this action, including paralegals, clerical assistants, interns, and other employees who have a need to become familiar with the contents of such documents in the prosecution or defense of this action;

   c. The Parties in this action, including employees who have a need to become familiar with the contents of such documents in the prosecution or defense of this action, who themselves shall agree to be bound by the terms of this Protective Order as described within subparagraph (e) below;

   d. Court reporters; and

   e. Consultants to parties retained in this litigation, including expert witnesses, investigators, or other agents, who themselves shall agree to be bound by the terms of this Protective Order. The following guidelines shall apply to disclosure within subparagraphs (c) and (e):

      i. Prior to any such disclosure to or discussion with such Party, consultant. or expert, each such person or entity shall acknowledge in writing to be bound by this Protective Order by executing a written, dated declaration in the form attached hereto as EXHIBIT A;

      ii. A copy of the signed declaration is to be retained by counsel for the Party making disclosure to such permitted person under subparagraphs (c) and (e); and

      iii. Each person or entity given access to confidential documents and information in those documents shall segregate the documents, keeping them strictly secure, and shall refrain from disclosing in any manner the information set forth in those documents, preserving them and the information contained in them as confidential.

7. Except with the prior written consent of the Producing Party or by court order, any Protected Discovery Material that is designated "Confidential – Attorney's Eyes Only" by the Producing Party shall be maintained under strict confidence by counsel for the Receiving Party, and counsel for such Receiving Party shall not reveal, disclose, provide, publish, show in deposition, or otherwise make known its contents to any person or entity, except for those described above in paragraph 6(a), 6(b), 6(d), and 6(e), who may be given and may use the Protected Discovery Material designated as "Confidential – Attorney's Eyes Only" only for the purpose of the prosecution or defense of this Lawsuit.

8. A Party or Producing Party wishing to designate a deposition transcript, or any portion thereof, as "Confidential" or "Confidential – Attorney's Eyes Only" under this Protective Order may do so immediately or up to fourteen (14) days from the Producing Party's receipt of the deposition transcript. The Producing Party shall designate such Protected Discovery Material either on the

record or by serving upon all counsel of record a "notice" setting forth the pages, line numbers, and designations. The Producing Party must serve such Notice within fourteen (14) calendar days after its counsel receives a copy of the deposition transcript from the court reporter (receipt of rough copies of transcripts shall not trigger this fourteen-day time period). All deposition transcripts will be treated as "Protected Discovery Material" until the expiration of the fourteen-day period described in this paragraph. Any portions of a transcript designated as "Confidential" or "Confidential – Attorney's Eyes Only" shall thereafter be treated as Protected Discovery Material in accordance with this Protective Order. The Parties shall negotiate in good faith to alter the time frames set forth in this paragraph in situations where a more expedited filing of a designated portion of the deposition transcript is required.

9.  This Protective Order does not prohibit a Party from using or disclosing its own Discovery Materials which it has designated as "Confidential" or "Confidential – Attorney's Eyes Only." Nor does this Protective Order prohibit a Party from using or disclosing Discovery Materials independently obtained from non-confidential sources or third parties.

10. Third parties who are the subject of discovery requests, subpoenas, or depositions in this Lawsuit may take advantage of the provisions of this Protective Order by providing the Parties with written notice that they intend to comply with and be bound by the terms of this Protective Order.

### Filing of Any Protected Discovery Materials

11. In the event counsel for any Party or third party determines that it is necessary to file with the Court any Protected Discovery Material, including but not limited to any papers, pleadings, motions, or briefs containing or making reference to the contents of Protected Discovery Material, such Party must contact the Designating Party at least two (2) days prior to such filing to (1) provide the Designating Party with notice that it seeks to file Protected Discovery Material with the Court and (ii) meet and confer in good faith to determine whether a redacted version of the material designated

as "Confidential/Confidential – Attorney's Eyes Only" can be filed with the Court. In the event no agreement is reached for the filing of a redacted version, the Party seeking to file Protected Discovery Material shall file such documents and/or information containing Protected Discovery Material under seal in accordance with the Federal Rules of Civil Procedure and Local Civil Rule 5. In the event the Parties mutually agree to redact trade secrets or personal identifying information from any potential document being filed with the Court, the filing Party may redact such documents and materials as necessary to ensure that confidential and personal identifying information is protected without filing the redacted version of the document under seal. It shall be the burden of the party that has designated a document or material as confidential to demonstrate that such Discovery Material should remain under seal and/or should remain redacted. Prior to the filing of such Protected Discovery Material with the Court, the Parties shall work together in good faith, including engaging in a meet and confer process, to coordinate the filing of all pleadings, motions, briefs, and exhibits containing Protected Discovery Material to permit compliance with the Local Rules and this Protective Order. Counsel for the Party seeking to file with the Court any documents and materials designated as Protected Discovery Material under this Protective Order shall be responsible for appropriately redacting trade secrets or personal identifying information in documents designated as Protected Discovery Material.

12. Before commencement of the trial or any hearing on dispositive motions, the parties shall discuss how documents designated as Protected Discovery Material shall be used and apprise the Court of any issues in that regard. Protected Discovery Material that is not admitted into evidence shall continue to retain the confidentiality protections set out in this Protective Order.

### Remedies and Review Procedures

13. In the event that any Receiving Party objects to any designation of Protected Discovery Material made under this Protective Order, that Receiving Party shall so notify the Producing Party in writing and state the basis for such objection. The Parties are expected to resolve discovery

disputes without filing motions or involving the Court. If, after good faith effort, the Parties are unable to resolve a dispute and need the Court to intervene, the Parties must file a joint motion not exceeding twenty (20) pages in length setting forth (1) the posture of the case, (2) the nature of the discovery dispute, (3) the efforts made by the Parties to resolve the dispute, (4) the position of each Party regarding the dispute, (5) whether a hearing is necessary to address the issue, and (6) a certification under Local Rule 37(E) signed by counsel for each Party that they have met and conferred in good faith to resolve the dispute before involving the Court. If, however, the Parties believe that a joint pleading is not feasible, the Parties may file separate pleadings under the following terms: the motion to compel (or motion for protective order) with memorandum incorporated therein and any response with memorandum incorporated therein may not exceed seven (7) pages in length and any reply may not exceed three (3) pages. The motion to compel (or motion for protective order) must contain a description of the efforts made by the Parties to resolve the dispute and an explanation as to why the Parties were unable to file a joint motion. Moreover, unless resolution of the dispute under the standard pleading deadlines set forth in Local Rule 7(F)(1) can occur before the deadline for the completion of discovery, any non-joint pleadings must be filed pursuant to an agreed briefing schedule that provides sufficient time for the Court to rule on the motion before the deadline for the completion of discovery as set forth in Paragraph 7 of the Scheduling Order. Counsel are reminded that discovery disputes requiring judicial intervention are strongly disfavored and that the Court will consider imposing sanctions pursuant to Fed. R. Civ. P. 37 and Local Rule 37 against any Party not acting in good faith to resolve a dispute before involving the Court.

14. This Protective Order does not prohibit or prevent any Party from seeking to seal trial transcripts and/or trial exhibits, including documents previously filed under seal, or from seeking any other similar relief pursuant to Local Civil Rule 5(H).

**Return or Destruction of Protected Discovery Materials**

15. Unless modified by order of this Court, this Protective Order shall remain in effect through the trial and all appeals, if any, of this litigation. Exclusive of materials filed with the Court, within thirty (30) days of any final order not subject to further appeal, whether entered upon a verdict, settlement, voluntary dismissal, or otherwise, all Discovery Material designated as Protected Discovery Material, including all copies thereof, in the possession, custody, or control of a Party or any person or entity identified in paragraph 6 and its subparagraphs, shall be returned to the Producing Party or, in the alternative, destroyed and certified to the Producing Party to have been destroyed. These activities shall be undertaken by the Party or person who then has possession of the Protected Discovery Material, without the assistance of the Producing Party provided, however, that counsel for the Parties may retain one complete set of all documents filed with the Court. Counsel shall verify in writing that the requirements of this paragraph have been fulfilled. Nothing in this paragraph shall apply to any document that is in the files of the Court, electronically or otherwise.

16. This Protective Order shall remain binding after the conclusion of this case unless otherwise ordered by the Court, and the Court shall retain jurisdiction over the Parties and other persons bound hereby for the purposes of enforcing this Protective Order.

Let the Clerk file this Order electronically and notify counsel accordingly.

It is so ORDERED.

/s/ RCY
Roderick C. Young
United States District Judge

Richmond, Virginia
Date: May 2, 2024