IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| THERABODY, INC., )<br>    Plaintiff/Counterclaim Defendant, )<br>)<br>v. )<br>)<br>DAVID C. WALTON, )<br>    Defendant/Counterclaim Plaintiff. )<br>) | Civil Action No. 3:23cv545 (RCY) |

# ORDER

This matter comes before the Court for pretrial management. On April 11, 2024, the Court entered an Order providing notice to the parties that it was considering *sua sponte* appointing a special master for discovery in this matter, should the parties fail to resolve their discovery disputes. *See* Order, ECF No. 47. On April 19, 2023, the parties filed a Joint Statement Regarding the Status of Discovery Disputes ("Joint Statement," ECF No. 48), advising the Court that numerous disputes remained. *See* Joint Statement 1–13. Then, on April 24, 2024, the Court again advised the parties that it would appoint a special master for discovery in this matter should the parties' discovery disputes persist. *See* Order, ECF No. 49. On May 2, 2024, the parties improperly filed separate notices, yet again informing the Court that myriad disputes remained. *See* Therabody, Inc.'s ("Therabody") Statement Regarding the Status of Discovery Disputes ("Therabody Statement") 1–10, ECF No. 52; David C. Walton's ("Walton") Statement Regarding the Status of Discovery Disputes ("Walton Statement") 1–4, ECF No. 2. The Court notes that Therabody has no objection to the appointment of a special master, *see* Therabody's Supplemental Statement 2, ECF No. 54, whereas Walton objects to the appointment of a special master largely on equitable grounds, *see* Walton Statement 4.

Walton's objection is OVERRULED. Walton's arguments against the appointment of a Special Master either (1) go to the merits of the parties' disputes or (2) concern the parties' respective financial situations. As to the former, those disputes are precisely the reason a Special Master is

necessary. And as to the latter, the Court's appointment Order, as detailed below, adequately deals with such monetary concerns.

Accordingly, the Court now APPOINTS as Special Master Charles E. James, Jr., Partner at the law firm of Williams Mullen, for the purpose of overseeing the resolution of the remaining discovery disputes in this matter.[1]

This appointment is made pursuant to Rule 53(a)(1)(C) of the Federal Rules of Civil Procedure and the inherent authority of the Court. As required by Rule 53, the Court sets out below the duties and terms of the Special Master and reasons for appointment and ORDERS the Special Master to "proceed with all reasonable diligence." Rule 53(b)(2).

### A.    Master's Duties

Rule 53(a)(1)(C) states that the Court may appoint a master to "address pretrial and post-trial matters that cannot be addressed effectively and timely by an available district judge or magistrate judge of the district." Due to the nature of this case, the parties' continuing inability to resolve discovery disputes without Court intervention, and the Court's demanding intervening schedule preceding the trial of this matter, the Court finds that a special master for discovery is necessary to effectively and timely manage discovery in this case.

The Court has reviewed recent legal authority addressing the duties of a Special Master that are permitted under the Federal Rules of Civil Procedure and Article III of the Constitution. Consonant with this legal authority and the currently anticipated needs of the Court, the Court directs that the Special Master in these proceedings shall have the authority to:

1.   Convene the parties on June 14, 2024, or at the Special Master's earliest convenience, to resolve the remaining discovery disputes outlined in the the

---

[1] Although the Court appoints Mr. James as a Special Master for discovery, the Court reserves the right to amend the scope of the Special Master's appointment to include other pretrial duties, should such amendment serve the adjudication of this case.

        Joint Statement (ECF No. 48), Therabody Statement (ECF No. 52), and Walton's Statement (ECF No. 53);

2. use his discretion to execute and/or oversee the implementation of the Court's previous orders regarding discovery;

3. review and resolve informally any discovery conflicts (including issues such as privilege, confidentiality, and access to medical and other records), and supervise discovery;

4. direct, supervise, monitor, and report upon implementation and compliance with the Court's Orders, and make findings and recommendations on remedial action if required;

5. interpret any agreements reached by the parties;

6. make formal recommendations and reports to the Court, regarding any matter pertinent to these proceedings; and

7. communicate with parties and attorneys as need may arise in order to permit the full and efficient performance of these duties. *See* Part B, *infra*.

Should the Special Master deem it appropriate, he MAY file any interim report and/or recommendation to the Court.

**B.** **Communications with the Parties and the Court**

Rule 53(b)(2)(B) directs the Court to set forth "the circumstances—if any—in which the master may communicate *ex parte* with the court or a party." The Special Master MAY communicate *ex parte* with the Court at the Special Master's discretion, without providing notice to the parties, to inquire into any discovery-related issue, or seek the Court's guidance on such issue. The Special Master MAY also communicate *ex parte* with the Court, without providing notice to the parties, regarding logistics, the nature of his activities, management of the litigation, and other appropriate procedural matters. The Court may later limit the Special Master's *ex parte* communications with the Court with respect to certain functions, if the role of the Special Master changes.

The Special Master MAY NOT communicate *ex parte* with any party or their attorney. Informal communications with all parties shall be within the discretion of the Special Master. The Special Master shall record minutes of all meetings and share them with the parties, but not the Court, and retain a copy for his records. Any formal communications with the parties shall occur via letter, shall not be shared with the Court, with a copy retained for his Records. Any communication requiring action of any party shall be made in the form of an Order and entered on the case docket, as described in Part D, *infra*.

C. **Master's Record**

Rule 53(b)(2)(C) states that the Court must define "the nature of the materials to be preserved and filed as a record of the master's activities." The Special Master SHALL maintain normal billing records of his time spent on this matter, with reasonably detailed descriptions of his activities and matters worked upon. *See also* Part E of this Order, *infra*. The Special Master SHALL retain records of all communications with the parties and minutes of all meetings. *See also* Part B, *supra*. Any Orders of the Special Master SHALL be entered in writing, signed, and submitted to chambers for entry on the docket. *See also* Part D of this Order, *infra*. The Court may later amend the requirements for the Special Master's record, if the role of the Special Master changes.

D. **Review of the Special Master's Orders**

Rule 53(b)(2)(D) directs the Court to state "the time limits, method of filing the record, other procedures, and standards for reviewing the master's orders, findings, and recommendations." The Special Master SHALL reduce any formal order, finding, report, or recommendation to writing, signed, and submitted to chambers for entry on the docket.

Pursuant to Rule 53(f)(2), any party may file an objection to an order, finding, report, or recommendation by the Special Master within fourteen calendar days of the date that it was

4

electronically filed; failure to meet this deadline results in permanent waiver of any objection to the Special Master's orders, findings, reports, or recommendations.[2]  Absent timely objection, the Court will enter an Order adopting the findings, reports, and recommendations of the Special Master.  Any responses to objections shall be due within fourteen days, with any replies due six days thereafter.

As provided in Rule 53(f)(4-5), the Court shall decide *de novo* all objections to conclusions of law made or recommended by the Special Master; and the Court shall set aside a ruling by the Special Master on a procedural matter only for an abuse of discretion.  The Court shall retain sole authority to issue final rulings on matters formally submitted for adjudication, unless otherwise agreed by the parties, and subject to waiver of objection to written orders or recommendations as noted above.  To the extent that the Special Master enters an order, finding, report, or recommendation regarding an issue of fact and any party timely objects pursuant to the Rules and within the 14-calendar-day time period set forth herein, the Court shall review such issue for clear error; *see* Rule 53(f)(3).  Failure to meet the objection deadline will result in permanent waiver of any objection to the Special Master's findings of fact.  Any unobjected-to factual findings of the Special Master will be final.  Rule 53(f)(3)(B).

E.     **Compensation**

Rule 53(b)(2)(E) states that the Court must set forth "the basis, terms, and procedure for fixing the master's compensation;" *see also* Rule 53(g) (addressing compensation).  The Special Master shall be compensated at the rate of $750.00 per hour, with the parties bearing this cost equally, based on the factors set forth in Rule 53(g)(3).  The Court reserves the right to revisit and

---

[2] Rule 53(f)(2) provides that parties may "file objections to—or a motion to adopt or modify—the master's order, report, or recommendations no later than 21 days after a copy is served, unless the court sets a different time." The Court chooses to set a period of 14 calendar days to expedite final resolution of matters formally reported upon by the Special Master.  Motions for extensions of time to file objections will not normally be granted.

amend this cost-sharing paradigm following the resolution of this discovery dispute. The Special Master shall incur only such fees and expenses as may be reasonably necessary to fulfill his duties under this Order, or such other Orders as the Court may issue. The Court has "consider[ed] the fairness of imposing the likely expenses on the parties and [has taken steps to] protect against unreasonable expense or delay." Rule 53(a)(3).

The Special Master shall directly bill the parties on a monthly basis, beginning May 29, 2024, and shall include an itemized statement of fees and expenses. However, if any entry captures a privileged matter, that entry may be entered as a summary statement. The parties shall then remit to the Special Master their share of the Special Master's fees and expenses within twenty-one calendar days.

The Special Master has advised that the duties herein assigned shall be performed principally by the Special Master and an additional lawyer in his firm, namely John A. Irvin, and that arrangement is approved. Also, if reasonably necessary, the Special Master may employ the services of other lawyers in his law firm, provided that their identities first shall be made known to the Court and the parties. The Special Master also may use the services of legal assistants and support staff as deemed reasonably necessary.

Mr. Irvin shall be compensated at the rate of $495.00 per hour. Paralegals and administrative support shall be compensated at the blended rate of $195.00 per hour. The rates of other lawyers or support staff shall be made known to the parties, and, in a subsequent Order, shall be approved by the Court upon a determination that the rates are reasonable.

    **F.**    **Other Matters**

        **1.**    **Affidavit**

Rule 53(b)(3) notes that the Court may enter an Order of appointment "only after the master has filed an affidavit disclosing whether there is any ground for disqualification under 28 U.S.C.

§ 455." *See also* Rule 53(a)(2) (discussing grounds for disqualification). Attached to this Order is the affidavit earlier submitted to the Court by the Special Master.

    **2.    Cooperation**

The Special Master shall have the full cooperation of the parties and their counsel. Pursuant to Rule 53(c), the Special Master may, if appropriate, "impose on a party any noncontempt sanction provided by Rule 37 or 45, and may recommend a contempt sanction against a party and sanctions against a nonparty." As an agent and officer of the Court, the Special Master shall enjoy the same protections from being compelled to give testimony and from liability for damages as those enjoyed by other federal judicial adjuncts performing similar functions. The parties will make readily available to the Special Master any and all facilities, files, databases, and documents which are necessary to fulfill the Special Master's functions under this Order.

This Order of Appointment may be amended as required to assist the Special Master in the discharge of the duties herein assigned.

Let the Clerk file a copy of this Order electronically and notify all counsel of record as well as Special Master Charles E. James, Jr.

It is so ORDERED.

Richmond, Virginia  
Date: May 29, 2024

/s/ RCY  
Roderick C. Young  
United States District Judge

7

**AFFIDAVIT OF CHARLES E. JAMES, JR.**
**TENDERED PURSUANT TO FED. R. CIV. P. 53**

**STATE OF VIRGINIA**

**AFFIDAVIT**

**CITY OF RICHMOND**

Charles E. James, Jr. being first duly sworn to law, states the following:

1. I am an attorney at law, duly licensed to practice law in the Commonwealth of Virginia. My bar admissions are as follows:

| Court | Date Admitted | Court Office and Address |
|---|---|---|
| Supreme Court of Virginia (Bar No. 46310) | September 5, 2001 | 100 North 9th Street Richmond, VA 23219 |
| U.S. District Court, Eastern District of Virginia | July 22, 2008 | Spottswood W. Robinson II and Robert R. Merhige, Jr., Federal Courthouse 701 East Broad Street Richmond, VA 23219 |
| U.S. District Court, Western District of Virginia | August 28, 2008 | 210 Franklin Road S.W., Suite 540 Roanoke, VA 24011 |
| U.S. Court of Appeals for the Fourth Circuit | September 24, 2002 | Lewis F. Powell Jr. Courthouse & Annex 1100 East Main Street, Suite 501 Richmond, VA 23219 |

2. I have thoroughly familiarized myself with the issues involved in the case captioned *Therabody, Inc. v. David C. Walton (3:23cv545)*. As a result of my knowledge of that case, I can attest and affirm that there are no non-disclosed grounds for disqualification under 28 U.S.C. § 455 that would prevent me from serving as the Master in the captioned matter.

Charles E. James, Jr.

Sworn to before me and subscribed in my presence this 23rd day of May, 2024.

Donna A. Dillon, Notary Public
Commission Expires: 9/30/2026
Registration Number: 223932